# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

POWELL, WHO SUES FOR, &C. V. TARRY'S ADM'R.

March 15th, 1883.

1. PRACTICE AT COMMON LAW—*Exceptions—Appellate court.*—Unless by record it appears that points decided by court below were saved before jury retired, they cannot be reviewed by appellate court. But bill of exceptions may be prepared and signed at any time during the term.

2. IDEM—*Facts proved—Evidence certified.*—When evidence conflicts, court may refuse to certify facts proved; but must certify the evidence on motion of any suitor.

3. IDEM—*Instructions—Appellate court.*—Unless the evidence is before appellate court, it cannot pass on instructions given or refused.

4. IDEM—*Judges—Official laches.*—Lack of time or lapse of memory is no excuse for a judge's refusal to certify the evidence on the trial of a cause before him, or to perform any other duty imposed on him by law.

5. IDEM—*Mandamus—Appeal.*—To compel judge to certify evidence *mandamus* lies, but his refusal is error reviewable in appellate court on complaint of party injured. To deny certificate of evidence, is to deny suitor his right of appeal.

6. OVERRULED—*Grayson's case, 6 Gratt. 712, on one point.*—Wherein the court said: "Where the evidence is contradictory, the court which tries the case cannot be required to state in a bill of exceptions either the evidence or the facts proved by the witnesses respectively. It is enough to state that the evidence was contradictory"; the opinion was mere *obiter dictum*, and is not sound in principle.

7. IDEM—*Evidence—Declarations.*—Written or oral declarations of a party to a suit, relevant to the issue, and against his interest, are admissible as evidence against him.

Error to judgment of circuit court of Mecklenburg, rendered 29th May, 1880, in an action of trespass on the case in which Jesse H. Powell, who sued for the benefit of E. T. Hamilton,

was plaintiff, and W. E. Homes, administrator with the will annexed of George Tarry, Jr., deceased, was defendant. Testator, in his lifetime, held the bond of Henry Duncan for $5,000, payable to himself as guardian, two years after date, with interest at the rate of ten per cent per annum, till paid. He endorsed his name on the bond, and it passed to said Powell, who received on it, as proceeds of land conveyed to secure it, $3,744. Suit was not brought on it for the balance, on account of the alleged notorious insolvency of the obligor, but this action was instituted to recourse therefor on the assignor's estate. Judgment for the defendant was rendered on 25th May, 1880. During same term, on 29th, there was entered the following order:

This day came again the parties by their attorneys, and the plaintiff having excepted to the opinion of the court given on the trial of this cause, tendered his several bills of exceptions, which are received, signed and sealed by the court, and ordered to be made part of the record in this case; and on motion of the plaintiff, the judgment given against him in this case is suspended for the space of sixty days, in order to enable him to apply for a supersedeas to the judgment of this court.

BILL OF EXCEPTION No. 1.

Be it remembered, that upon the trial of this cause, both plaintiff and defendant asked for certain instructions, but the court refused to give the instructions asked for by plaintiff and defendant, and refused to give the two asked for by plaintiff hereinafter referred to, but instructed the jury as follows:

1. If the jury believe from the evidence that the intestate, George Tarry, Jr., wrote his name on the back of the bond in the declaration mentioned, intending thereby to assign the same to Jesse Powell, he became thereby liable for the payment of so much of the said bond as could not be made out of the obligor, Henry Duncan, by the exercise of due diligence, unless he was

released from such liability by some agreement with the holder of the bond, intended to discharge him from such liability. But the mere writing of the name of George Tarry, Jr., on the back of the bond, unaccompanied with any evidence as to the object and motive for writing his name thereon, is not of itself sufficient to make it an assignment binding George Tarry, Jr., as assignor, unless it be shown by evidence or necessary implication that such endorsement was intended and accepted to operate as an assignment.

2. If the jury believe from the evidence, that neither the plaintiff, Hamilton, since he became the holder of the bond in the declaration mentioned, nor Jesse Powell, before he transferred the same to Hamilton, have used due diligence to collect the same by instituting suit thereon against the obligor, Henry Duncan, and prosecuting the same to judgment and execution, they must find for the defendant, unless the plaintiff shall show, to the satisfaction of the jury, that at the time the said bond became due, Duncan was insolvent, so that suit against him, prosecuted with due diligence to judgment and execution, would have been unavailing, and that Tarry has not suffered any loss or injury by want of such due diligence on the part of the assignee, Powell, and the burden of showing this rests upon the plaintiff, and not the defendant.

3. If the jury believe from the evidence, that at the time the bond became due H. Duncan was in doubtful circumstances, though not insolvent, so that suit against him on the bond, prosecuted with due diligence to judgment and execution, would not have been unavailing, then it was the duty of the assignee, Powell, or the holder of the bond, to proceed with promptness to prosecute suit on said bond with due diligence to judgment and execution, and if he has failed thus to do, then the jury must find for the defendant.

4. Before the jury can find for the plaintiff, they must believe from the evidence, that at the time the bond fell due Duncan was insolvent, so that suit against him on said bond, prosecuted

with due diligence to judgment and execution, would have been unavailing for the purpose of making the money; and they must also believe from the evidence, that Tarry, or his estate, has not suffered any loss or injury by the failure of Powell or Hamilton to use due diligence to collect of Duncan the bond by judgment and execution.

5. If the jury believe from the evidence, that at the maturity of the bond Duncan was a resident of this state, but afterwards removed therefrom to another state, being possessed of property which he carried away with him, known to the assignee, Powell, or which he could have known by the exercise of reasonable diligence, though the assignee might not have been under any legal obligation to pursue said Duncan and institute suit on said bond and prosecute it to judgment and execution in the state to which he had removed; yet, upon such removal from this state, it was the duty of the holder of the bond in question (if he did not intend to pursue Duncan) immediately to have demanded of Tarry, the assignor, any balance remaining uncollected on said bond, with an offer to return the bond, so that the assignor might take steps to recover from the said Duncan the amount due. And that if the assignee has never thus acted, but has continued to hold the bond, they must find for the defendant.

6. If the jury believe from the evidence, that the assignee, Jesse Powell, agreed with Thomas F. Goode, trustee, in the deed of trust of the 4th March, 1872, from Henry Duncan and wife, conveying a tract of land to secure the debt in the declaration mentioned, that if he, Goode, would accept his, Powell's, bid of $4,000 for the said land and convey the same to him, at said bid, that he, Powell, would accept said land in full satisfaction of all claim under the bond in the declaration mentioned against George Tarry, Jr., and that the said Goode would not have sold and conveyed the said land at the bid of $4,000 without such agreement, and that upon this understanding and agreement between Goode, trustee, and Powell, the said land was conveyed by Goode, trustee, to Powell, then they must find

for the defendant. Such an agreement to be binding on Powell or his privies, must be sustained by some valuable consideration to him, Powell, and if he acquired the said land by reason of said agreement for a less sum than he could have obtained it for, that was a consideration sufficient to sustain such agreement.

At the same term of the court, on the second day after the rendering of the verdict by the jury, and entering up of the judgment of the court thereof, the plaintiff moved the court to set aside the judgment and verdict and grant him a new trial, on the ground that the court had misdirected the jury by its instructions, and the court refused to set aside the judgment, and overruled the motion for a new trial, to which opinion of the court the plaintiff excepted, and prays that this, his first bill of exception, be signed, sealed, and made a part of the record in this cause, which is accordingly done.

## BILL OF EXCEPTION No. 2.

Be it remembered, that upon the trial of this cause the defendant to sustain the issue on his part offered in evidence a letter dated 30th August, 1875, from E. T. Hamilton, written to George Tarry, Jr., which is in the following words and figures, to-wit:

*My Dear Uncle:*—Your letter of 21st instant received Saturday, I hasten to reply. I do not know how Mr. Marrow received his information, I do not think from myself. Before Mr. Powell gave me the land, I made some enquiry of Finch & Harris to know could I recover the balance, but told them (Mr. Harris) that I would take no steps, thinking it not just. You may rest assured that I will never trouble you about the matter. You mentioned that Mr. P. could have sold the land had he required a less part payment. I think he certainly asked a small enough proportion. No doubt there were some who were ready to pick a good bargain from that land, but Mr. Powell in selling sold for my interest, not that of any other person

who would have bid. Would be glad to have you visit us. Fannie will go to see her *father's* family on next Friday. I reckon *mamma* is in Williamsboro'.

Yours, very affectionately,

E. T. Hamilton.

To the introduction of this letter the plaintiff's counsel objected, on the ground that the letter purported to have been written before he, the said E. T. Hamilton, had any interest in the said bond of Henry Duncan for the sum of $5,000, but the court overruled the plaintiff's objection, and suffered the letter to be read to the jury as part of the evidence in this case, and to this opinion of the court, overruling said objection, the plaintiff by counsel excepts, and prays that this, his second bill of exception, be signed, sealed, and made a part of the record in this cause, which is accordingly done.

BILL OF EXCEPTION No. 3.

Be it remembered, that upon the trial of this cause the plaintiff by counsel moved the court to instruct the jury as follows, to-wit:

If the jury shall believe from the evidence that at the time E. T. Hamilton wrote the letter to George Tarry, Jr., which was introduced as evidence for the defendant in this cause, he, the said Hamilton, did not own the bond, which is the subject of this suit, then they must disregard said letter in making up their verdict. This instruction asked for by plaintiff and refused.

Which motion the court overruled, to which opinion of the court overruling said motion, the plaintiff by counsel excepts, and prays that his third bill of exceptions be signed, sealed, and made a part of the record in this cause, which is accordingly done.

## BILL OF EXCEPTION No. 4.

Be it remembered, that upon the trial of this cause the plaintiff moved the court to instruct the jury as follows, to-wit:

If the jury shall believe from the evidence that the letter from E. T. Hamilton to George Tarry, Jr., above mentioned, was written by said Hamilton without any consideration passing from said Tarry to Hamilton, then they cannot consider said letter as any release from said Hamilton of the balance due by said Tarry upon his assignment. This instruction asked for by plaintiff and refused.

Which motion the court overruled. To which opinion of the court overruling said motion, the plaintiff by counsel excepts and prays that this, his fourth bill of exception, be signed, sealed, and made a part of the record in this cause, which is accordingly done.

## BILL OF EXCEPTION No. 5.

Be it remembered, that upon this 29th May, 1880, the plaintiff moved the court to certify the facts proven in the cause; which the court declined to do, for the reason that the evidence was conflicting; and then the plaintiff moved the court to certify the evidence in the cause, which the court refused to do, because it was impossible, both for the lack of time and the lapse of memory, to certify accurately the large mass of testimony, which occupied two days in taking, and no intimation was given the court until this 29th May, 1880, the day of adjournment, that either facts proven, or the evidence given in the cause, would be asked for till a very short time before the reading and signing of the orders of the adjournment of the court, when it was wholly impracticable to certify either the facts or the evidence; to which opinion of the court the plaintiff excepted, and prays that this, his 6th bill of exception, be signed, sealed, and made a part of the record in this cause, which is accordingly done.

It does not appear from the record that the exceptions to the rulings of the circuit court were taken before the verdict, and that court refused to certify the facts proved or the evidence adduced on the trial, for the reasons by him set forth in the last bill of exceptions.

To this judgment Jesse H. Powell for, &c., obtained from one of the judges of this court a writ of error and *supersedeas.*

*J. Alfred Jones,* and *Robert Stiles,* for appellant.

*W. E. Homes,* and *Wm. J. Robertson,* for appellee.

LACY, J., delivered the opinion of the court.

This case is as follows: On the 3d day of July, 1873, the testator of the defendant in error wrote his name on the back of a bond signed by one Henry Duncan, dated March 4th, 1872, for the sum of five thousand dollars, with interest thereon at the rate of ten per centum till paid, and payable two years after date, in which bond the obligee was styled George Tarry, Jr., guardian of E. T. Hamilton and Rebecca J. Hamilton, the interest to be annually paid. In April, 1879, the plaintiff in error, who was the plaintiff below, sued the personal representative of Tarry in the said circuit court of Mecklenburg, alleging that a part only of the said bond had been recovered, and seeking to charge the estate of the said George Tarry, Jr., with the residue.

The evidence is not certified in this case, nor are the facts proved certified; but it is conceded that the payment of the bond aforesaid was secured by the lien of a trust deed on a certain tract of land, which tract of land was sold by the trustee therein, and purchased by the assignee, Powell, at the sum of $4,000, from which, costs of executing the trust being deducted, the bond is credited with $3,744, and the suit is for the residue of the $5,000. On the trial the jury found a verdict for the

defendant, and the plaintiff moved to set aside the said verdict and judgment thereon, on the ground that the court had misdirected the jury by its instructions, and grant him a new trial; which motion was overruled by the court, and the plaintiff applied to this court for a writ of error, which was awarded.

The first exception taken by the plaintiff in error is to the ruling of the court in giving to the jury six instructions set forth therein. The first instruction was as follows:

1. If the jury believe from the evidence that the intestate, George Tarry, Jr., wrote his name on the back of the bond in the declaration mentioned, intending thereby to assign the same to Jesse Powell, he became thereby liable for so much of the said bond as could not be made out of the obligor, Henry Duncan, by the exercise of due diligence, unless he was released from such liability by some agreement with the holder of the bond intended to discharge him from such liability. But the mere writing of the name of George Tarry, Jr., on the back of the bond, unaccompanied with any evidence as to the object and motive for writing his name thereon, is not of itself sufficient to make it an assignment binding George Tarry, Jr., as assignor, unless it be shown by the evidence or necessary implication that such endorsement was intended and accepted to operate as an assignment.

It appears from the record that no exception was taken to this or any other instruction at the time the same were given, *nor before verdict.*

It should appear from the record that a point decided by the court has been saved before the jury retires, though the exception may be prepared, and may be signed by the judge either during the trial or after it is ended, during the same term. If this appears from the whole record it is sufficient, though it is not expressly stated in the bill of exceptions; but if it does not appear from the record the appellate court cannot review the judgment of the court below upon the point. See the opinion of Daniel, J., in the case of the *Washington and New Orleans Tel-*

*egraph Company* v. *Hobson & Son*, 15 Gratt. 138. He says: "The important difficulty, however, in respect to the bill of exceptions here arises not out of the time of its being tendered and sealed, but out of the fact that neither in the bill itself nor in the entry of its being made a part of the record, is there any distinct averment of the fact that the exception to the opinion of the court refusing the instructions, was taken at the time of the rendering the opinion, or indeed at any time before the verdict was rendered.

*The presence of this last mentioned fact is essential to entitle a party relying on a bill of exceptions, to claim any benefit from his bill.* It is incumbent on him to show that he saved the point, or took the exception in the manner already indicated, or in some more solemn form, either at the time when the opinion of which he complains was given, or at least before the verdict of the jury was rendered. In the absence of such showing, justice to his adversary would require that he should be held to have yielded to said opinion. It is not just or reasonable that he should be allowed to take his chance before the jury, and in the event of defeat, then to deprive his successful opponent of the benefits of the verdict by an exception, which, if insisted on during the trial, might have been met and counteracted by the latter." Not only is it not shown affirmatively that the exceptions were made at the trial, but it is clear from the record they were not so made.

The verdict was rendered, and judgment entered on Wednesday, the 26th day of May; and on Saturday, the 29th day of the same month, is the following:

"At the same term of the court, on the second day after the rendering of the verdict by the jury, and the entering up of the judgment of the court thereof, the plaintiff moved the court to set aside the judgment and verdict and grant him a new trial; on the ground that the court had misdirected the jury by its instructions."

So that the exceptions were not taken to the instructions of

the court before the verdict, and they came too late after verdict, as we have seen.

See also opinion of Anderson, J., in the case of *D. Martz's ex'or* v. *D. Martz's heirs*, 25 Gratt. 368, and *Peery's adm'or* v. *Peery*, 26 Gratt. 320, 324; *Winston* v. *Giles*, 27 Gratt. 530, 525; 2 Tidd's Practice, 9th edition, 865.

In the light of the authorities the plaintiff in error has waived his right to have the action of the said circuit court reviewed by his own negligence, if, indeed, there be any error in the said ruling of the court, upon which this court in this case can express no opinion. The same principle and the same rule applies to all the instructions given by the court in the trial of the cause.

The plaintiff in error excepts to the ruling of the court in refusing to give two instructions asked for by him and refused by the court. As has been said, the facts proved are not certified in this case, the court certifies that the evidence is conflicting, and when the evidence is conflicting, the court may refuse to certify the facts proved. *Grayson's case*, 6 Grat. 712; 7 Grat. 613; cited and approved, 11 Grat. 706; *Vaiden's case*, 12 Grat. 727; *Bull's case*, 14 Grat. 613; *Caldwell* v. *Craig*, 21 Grat. 136; *Blosser* v. *Harshbarger*, 21 Grat. 215, and numerous other cases there cited. See opinion of Christian, J., in the last case.

It is not possible for this court to pass upon the third and fourth exceptions to the refusal of the court to give the instructions asked for by the plaintiff, the evidence not being before this court, and as the plaintiff in error admits in his petition for an appeal. "Without having a certificate of the evidence, it is not easy to pronounce on the relevancy of that to which the petitioner excepted." Courts cannot be required, upon the trial of causes, to instruct upon mere abstract questions of law, the instructions asked for must be upon questions applicable to the testimony in the case, and without a certificate of the evidence, the appellate court cannot say whether the instructions were improperly refused or the contrary. The plaintiff in error

having failed to except in time to the ruling of the court, he has failed also to have any statement of the facts, or testimony on the trial which would show the propriety of the instructions he moved the court to give to the jury.

As to the second exception of the plaintiff in error, because the court allowed the letter of E. T. Hamilton to be received in evidence. It does not lie with Hamilton to object to the reading of this letter in evidence. It was his own statement about the very questions at issue, and his admission that he had received the land bought by Powell, as mentioned above, and *may have been* most material to the just determination of the questions at issue, the letter was clearly admissible as evidence against Hamilton; the weight to be attached to it was quite another question, and came within the province of the jury. See opinion of Moncure, P., in the case of *Taylor* v. *Peck,* 21 Gratt. 11.

This general rule, admitting the declarations of a party to the record in evidence, applies to all cases where the party has any interest in the suit. Greenleaf, 1st vol., § 172.

It should be noticed that the counsel for the plaintiff in error claims in the argument here that upon an inspection of the record (page nine) it will be seen that the following language is used, which tends to show that the plaintiff excepted before verdict:

" This day came again the parties, by their attorneys, and the · plaintiff *having excepted* to the opinion of the court given on the trial of this cause, tendered his several bills of exceptions, which *are received*"; that the past tense is used as to the exceptions to the ruling of the court, and the present tense as to the *bills* of exceptions being received. This is certainly similar to the reasoning of Judge Daniel in the case in 15th Grattan of the *Washington and New Orleans Telegraph Company* v. *Hobson (supra).*

But it appears that this very language is used three days after the verdict and judgment, and is the last entry of the clerk in

the record, being in the same paragraph with the suspending order; "and, on motion of the plaintiff, the judgment given against him in this case is suspended for the space of sixty days," &c. And then follows *the copies* of the plaintiff's bills of exceptions above referred to. The foregoing being the last entry in the record of the proceedings in the case, it is therefore evident that this entry of the clerk refers to the motion which the judge, on page eleven of the record, certifies to have been moved two days after the rendering of the verdict. Upon the principles stated above it is not possible for this court to review the judgment of the court below upon the merits of the controversy.

There is one remaining assignment of error to be considered, which is that the court having certified that the evidence was conflicting and refused to certify the facts proved, refused also, upon the motion of the plaintiff, to certify the evidence in the case upon the ground that the *lack of time*, and *lapse* of *memory* two days after the verdict, rendered it impossible to certify accurately the evidence in the case.

Mere lack of time cannot be considered a discharge from the obligations imposed upon a judge to perform his whole official duty; the law makes ample provision for cases where the press of business prolongs the term, and if it is necessary for the proper administration of justice, the judge should take time, it is his plain duty to do so, and lack of time furnishes no valid excuse for the failure to perform an act which the law makes it the duty of the judge to do. The judge refused to certify the evidence for the further reason, as we have said, that lapse of memory rendered it impossible for him to certify accurately the evidence. If the judge had attempted to certify the evidence, and had done his best in the premises, lapse of memory might have been a sort of apology for any imperfection growing out of forgetfulness, but lapse of memory cannot be considered a sufficient ground for absolutely refusing to certify the evidence of the case.

In the case of *Page* v. *Clopton, Judge,* 30 Gratt. 415, the judgment complained of was first entered on the 22d of March, was confirmed on the 25th.  The motion to certify the evidence was made on the 27th, and the bill presented on the 30th, being the last day of the term.  In that case the court says: "He (the judge) must have been as well prepared as to knowledge to certify the facts on the 27th as he could have been on the 25th."

While *mandamus* will lie to compel a judge to certify the evidence when he shall so refuse, it is also error to so refuse, of which any party injured may complain to this court, and for which this court will reverse the judgment of the court below. It is the right of a suitor to have the evidence certified to this court in a case where the judge refuses to certify the facts proved, on the ground that the evidence is conflicting.  To refuse to do so, is to deny to the suitor his right of appeal.  While it was so held in Grayson's case, it may be remarked that Grayson's case has been often referred to by later decisions, and in some of its rulings it has been approved.  *On this point* it has never been since endorsed, and upon an inspection of that case, in 6th Grattan, it is clear that in that element of the case it is mere *obiter dictum.*  It was not upon a point involved in the case; in that case the court below did not refuse to certify the facts proved, nor did it refuse to certify the evidence, but upon the motion of the defendant, it did certify the facts proved at the trial.  So that in reviewing that case, the general court did not have to pass upon the refusal of the court below to certify the facts proved, nor, indeed, the evidence of the case, the court not having so refused.  So when the court, in that case, says: "When the evidence is contradictory, the court which tries the case cannot be required to state in a bill of exceptions, either the evidence or the facts proved by the witnesses respectively.  It is enough to state that the evidence was contradictory," it was mere *obiter,* outside of the case in hand, and in our opinion, it is not sound in principle.  The circuit court cannot properly refuse to certify the facts proved, and then refuse to certify the evidence

in the case.   To do so, might be a denial to a suitor of all right of appeal, and the maintenance of such a principle by this court would put it in *the power* of the circuit court to prevent an appeal in every case.   This is the only element in Grayson's case which it is necessary for this court to pass upon in the consideration and review of this case, and the court does not now express any other or further opinion concerning the said case.   It was error in the court below to so refuse to certify the evidence in this case, and as the effect has been to deprive the appellant of his right to have his case reviewed in this court on the merits, for that reason this court will reverse the said circuit court, and the said case is remanded to the said circuit court of Mecklenburg for a new trial to be had therein in accordance with the foregoing opinion.

The order was as follows:

The court, having maturely considered the record in this cause, is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in refusing to certify the evidence in this case for lack of time and lapse of memory.

It is therefore ordered that the judgment of the circuit court be reversed and annulled; and the case is remanded to the circuit court of Mecklenburg for a new trial to be had therein in conformity with the foregoing opinion, a copy of which opinion, together with this order, is ordered to be certified to the said circuit court of Mecklenburg; and that the defendant pay to the plaintiff his costs expended in the prosecution of his appeal here.

And the cause is remanded for further proceedings to be had therein, in conformity with this order.

JUDGMENT REVERSED.