# Staunton.

## DILLARD & McCORKLE V. THOMAS DUNLOP.

## KARN & HICKSON V. SAME.

### SEPTEMBER 22d, 1887.

1. PRACTICE AT COMMON LAW.—*Bill of exceptions—Refusal to sign.*— After verdict and denial of new trial, trial court must certify the facts or the evidence, if asked so to do. It cannot require counsel to agree upon a statement of the evidence as a condition precedent, nor plead lack of time or memory as justification of its refusal to certify the same. *Powell* v. *Tarry*, 77 Va. 250.

2. IDEM—*Appellate court—Mandamus—New trial.*—Where, after service of *mandamus* upon trial judge to certify the facts or the evidence, and his refusal to do so, the record of the case is presented in the petition of the losing party to this court, it will reverse the judgment complained of and remand the case for new trial.

Error to judgment of circuit court of Amherst county, rendered at its October term, 1884, in two actions at law, in one of which James S. Dillard and W. E. McCorkle, partners as Dillard & McCorkle, are plaintiffs, and in the other David Karn and John Hickson, partners as Karn & Hickson, are plaintiffs, and Thomas Dunlop was defendant in both. The verdict and judgment in each case being for the defendant, the plaintiffs asked for new trials, which being denied, certificates of the facts were asked for and refused; and certificates of the evidence being then requested, the trial judge required the counsel to agree on

the statements of the evidence as preliminary to his sign-
ing the bills of exceptions. The counsel retired to prepare
said statements, and after a short absence returned into
court, each with his own statement not agreeing with the
other in all particulars, and found the judgments entered,
the orders signed, and the court adjourned for the term.
On application of the plaintiffs, this court issued a *man-
damus* to compel the trial judge to certify the facts or the
evidence. But the trial judge declined to do so, alleging
lapse of memory as his excuse. Upon presentation of the
record to this court, in the petition of the plaintiffs, writs
of error and *supersedeas* were awarded to the judgments.
Opinion states the case.

*W. W. Larkin* and *Williams & Burroughs*, for the plain-
tiffs in error.

—— —— for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The record presents the following very remarkable case
in practice: At the October term, 1884, of the circuit court
of Amherst county there were pending two cases at law, on
attachments, in one of which James S. Dillard and W. E.
McCorkle partners, as Dillard & McCorkle, were plain-
tiffs, and Thomas Dunlop, defendant; and in the other,
David Karn and John Hickson partners, as Karn & Hick-
son, were plaintiffs, and said Dunlop, defendant. Such
proceedings were had that said two cases came on and were
tried together at the October term, 1884 (to-wit: on the fif-
teenth of October, 1884), of said circuit court. The jury
found a verdict for the defendant in each of said causes,
and thereupon the plaintiffs, respectively, moved the court
to set aside said verdicts and grant a new trial, which

motion the court overruled; and, thereupon, the counsel for
the plaintiffs in said causes, with notice to opposing coun-
sel and to the court, proceeded to prepare a statement of
the facts proved, for the purpose of having the same cer-
tified by a proper bill of exceptions by the court; that
owing to the fact that the defendant's counsel were ardu-
ously engaged in important cases coming on for trial during
the sixteenth and seventeenth days (Thursday and Friday),
the plaintiffs' counsel remained in attendance on the court
till the following Saturday, the eighteenth of October, and
on the morning of that day, on additional grounds—after
discovered—again moved the court to set aside said ver-
dicts and grant a new trial, which motion the court also
overruled.    Thereupon the plaintiffs, respectively, by their
counsel, excepted to said ruling and tendered their bill of
exceptions, and asked the court to certify the facts proved.
But the judge of said court, the Hon. G. A. Wingfield, re-
fused to certify the facts and to sign the bill of exceptions
as tendered; and, thereupon, the said plaintiffs, by counsel,
moved said court to certify the evidence, which motion the
court also refused, except on the terms that the counsel for
the plaintiffs and the defendant should agree upon a state-
ment of the said evidence. And, thereupon, the counsel for
both plaintiffs and defendant withdrew from the court-
room for the distinctly announced purpose of agreeing
upon and preparing a statement of the evidence.     The
work thus begun was diligently prosecuted, the counsel on
each side preparing a statement of the evidence as they
respectively understood it, and failing in some respects to
agree, counsel repaired to the court-room to submit to the
court for settlement and certificate their respective state-
ments, when, to their surprise, they found that within an
hour after their departure from the court-room, to prepare
a statement of the evidence, the court had signed the orders
and adjourned for the term.    And it appears that the coun-

sel for said plaintiffs were necessarily delayed until Satur-
day during said term in presenting their bill of exceptions
to the court, by reason of the pressing engagements of
opposing counsel, who were engaged in the trial of im-
portant causes in said court during the two days inter-
vening between the trial of these causes and Saturday, the
day on which they left the court-room, at the suggestion of
the court, to agree upon the evidence; and that they returned
to the court-room on Saturday about the hour of 1 o'clock
P. M., when they found that the orders—and among them
the judgments in these cases—had been signed, and the
court adjourned for the term.

In this anomalous state of things the said plaintiffs, by
their counsel, presented to this court, then in session at
Richmond, a petition substantially setting forth the facts
aforesaid, and praying for a rule against the Hon. G. A.
Wingfield, the then judge of the said circuit court of Am-
herst county, returnable before this court at Richmond,
requiring said judge to show cause, " if any he can," why
a *mandamus* should not issue to compel him to certify the
evidence in said causes, and to sign any proper bill of ex-
ception that may be presented in said causes, so that the
proceedings therein might be brought by proper process
before this court to be further considered.

On the fifteenth of January, 1885, this court awarded the
rule against the Hon. G. A. Wingfield, judge as aforesaid,
according to the prayer of the petition above referred to;
and it seems that either on the award of the rule, or on
the service thereof, the said judge agreed with the counsel
for the plaintiffs in these causes that he would certify the
evidence therein as required, and, thereupon, the following
consent-order was entered by this court at its place of
session in Richmond:

" In the supreme court of appeals, held at the State

court-house in the city of Richmond, on Thursday, the seventh day of May, 1885—

"In the matter of the petition of J. S. Dillard and W. C. McCorkle, late partners as Dillard & McCorkle, and David Karn and John Hickson, partners as Karn & Hickson, for a writ of *mandamus* to command Hon. G. A. Wingfield, judge of the circuit court of the county of Amherst, to certify the evidence in the causes lately pending in the said court, in which the said petitioners were plaintiffs and Thomas Dunlop was defendant.

"This day came as well the petitioners, by their counsel, as the counsel representing the defendant in the circuit court, and, by consent of said parties, it is ordered that the judge of the circuit court of the county of Amherst may proceed to certify the evidence upon the trial of the said causes at the October term, 1884, of said court, and to sign such proper bill of exceptions as may be presented by counsel for the petitioners in accordance with the requirements of the said petition, the same to have full legal validity and force as if the same had been done at said term of the court, or been signed in obedience to the mandate of this court, after the hearing of said cause on the rule awarded herein on the fifteenth of January, 1885, and, by like consent, the said rule is discharged.

"GEO. K. TAYLOR, C. C."

It seems that after the above consent-order of this court considerable delay occurred, for want of the co-operation of counsel for the defense in the circuit court; but finally the counsel for the plaintiffs prepared a bill of exceptions setting forth the evidence at the trial of these causes in the circuit court, which was shown to opposing counsel, and, after due notice, was presented to the Hon. G. A. Wingfield, judge as aforesaid, to be signed, sealed and made part of the record in these causes. But the said

judge refused to certify the evidence as required, and in lieu thereof certified as follows :

" In vacation of Amherst circuit court, October 5, 1885—
"Dillard & McCorkle *v*. Thomas Dunlop,

and

Karn & Hickson *v*. Same.

" Be it remembered, that upon the presentation of the bill of exceptions certifying the evidence in these causes, offered by the counsel for the plaintiffs, in accordance with the consent-order of the supreme court of appeals, entered May 7th, 1885, and the counsel for plaintiffs and defendant not agreeing to said bill, and the court, from lapse of time and memory, being unable to settle the said bill, doth decline to sign and seal the same. And the plaintiffs desiring said action of the court to be certified, the court doth sign this exception, and make it a part of the record.
"(Signed)          G. A. WINGFIELD."


In vacation of the circuit court of Amherst county, in the clerk's office of the said circuit court, on Wednesday, the seventh day of October, A. D. 1885, the foregoing bill of exceptions, together with copies of petition and order of the supreme court of appeals, were received and entered of record, as appears by the certificate of the clerk of said court.

The record being thus made up, on the petition of the plaintiffs, by their counsel, a writ of error was awarded to the judgments respectively entered in said causes on the fifteenth of October, 1884.

The petition for writ of error assigns :

I. "It was error in the said court to refuse to certify, either the facts or the evidence in said cases, the one or the other, as appears on the proceedings on the petition for *mandamus*."

II. "It was error in the said court to impose the terms and conditions complained of and set out in said petition, viz: requiring counsel to agree upon the evidence as a precedent condition on which an exception would be granted, instead of settling the bill with their aid. And again: If the court could not certify the evidence on account of lapse of memory, it was not the fault of petitioners; had the exceptions been signed and settled when asked for the difficulty would not have arisen."

III. "Lapse of time and memory, under the circumstances of this case, are no answers to the mandate of the appellate court requiring the act to be done."

The first assignment of error, which asserts the proposition that the circuit court erred in refusing to certify either the facts or the evidence, is unquestionably well taken, and it was so held by this court in *Powell* v. *Tarry's Adm'r*, 77 Va. 250. In that case, Lacy, J., delivering the unanimous opinion of this court, said: "While *mandamus* will lie to compel the judge to certify the evidence when he shall so refuse, it is also error to so refuse, of which any party injured may complain to this court, and for which this court will reverse the judgment of the court below. It is the right of a suitor to have the evidence certified to this court in a case where the judge refuses to certify the facts proved, on the ground that the evidence is conflicting. To refuse to do so, is to deny to the suitor his right of appeal." This language is strikingly appropriate to the extraordinary procedure of the trial judge in these cases. For when the jury returned their verdicts in the two cases, the counsel for plaintiffs moved the court to set aside the verdicts and grant a new trial, but the court overruled the motion; and, thereupon, the plaintiffs, by their counsel, moved the court to certify the facts proved, which the court refused to do; and then the court was asked to certify the evidence, and this the court agreed to do, pro-

vided the counsel on both sides should agree upon a statement of the evidence. Counsel for defendant being engaged in other causes, so that they could not attend to the matter, the counsel for the plaintiffs remained in attendance upon the court until Saturday, the eighteenth of October, when he renewed his motion to set aside the said verdicts and asked for a new trial, founding this second motion upon the ground of after discovered facts; but the court overruled this motion also, and, thereupon, counsel for both plaintiffs and defendants, with notice of their purpose to the court, retired from the court-room to prepare a statement of the evidence. They, disagreeing in some particulars, each prepared a statement to be submitted to and settled by the court, and on returning to the court-room, after only a short absence, found the judgments entered, the orders signed, and the court adjourned for the term. That the plaintiffs were thus arbitrarily deprived of the right of appeal is undeniable. The facts and circumstances thus related are set forth in the petition to this court for a *mandamus*, before referred to; and they must be taken as strictly true as they were not denied; and, in fact, in the light of the consent-order entered by this court, they must be taken as admitted. Such proceedings in a court of justice are without parallel in modern jurisprudence, and, it is to be hoped, will remain a solitary example.

The second assignment of error asserts a proposition equally as true as the first. It is, that the circuit court erred in requiring, as a condition precedent to certifying the evidence, that counsel for plaintiffs and defendant must agree the statement of evidence. This was, in effect, to make the plaintiffs' right of appeal dependent upon the concurrence of the defendant's counsel as to what the evidence was, when all experience teaches us that counsel will disagree—and honestly disagree—in a majority of cases, which makes it the duty of the presiding judge to

hear all the evidence, hold the scales of justice impartially, and to determine, when necessary, what the evidence was. If this be not done, then the judgment of the court on the verdict of a jury is without that high sanction which the law contemplates.

The third assignment addresses itself to the action of the circuit judge in refusing to certify the evidence as he was directed to do by the said consent order of this court. A bill of exceptions was presented to the judge, setting forth the evidence as it was claimed to be by the plaintiffs' counsel. It is not claimed by the judge that the evidence was incorrectly set forth in the bill of exceptions presented, by counsel, for the plaintiffs. On the contrary, the judge certifies that he refused to sign and seal the same on the ground that the counsel for the plaintiffs and defendant did not agree, and from lapse of time and memory he could not settle the matter.

In *Powell* v. *Tarry's Adm'r, supra,* among others, it was assigned for error that the court, having certified that the evidence was conflicting, and refused, therefore, to certify the facts proved, refused also, upon the motion of the plaintiff, to certify the evidence in the cause upon the ground that the *lack of time* and *lapse of memory,* two days after the verdict, rendered it impossible to certify accurately the evidence in the case.

In discussing this as ground for reversing the judgment of the court below, Lacy, J., says: "Mere lack of time cannot be considered a discharge from the obligations imposed upon a judge to perform his whole official duty. The law makes ample provision for cases where the press of business prolongs the term, and, if it is necessary for the proper administration of justice, the judge should take time; it is his plain duty to do so, and lack of time furnishes no valid excuse for the failure to perform an act which the law makes it the duty of the judge to do. The

judge refused to certify the evidence for the further reason, as we have said, that lapse of memory rendered it impossible for him to certify accurately the evidence. If the judge had attempted to certify the evidence, and had done his best in the premises, lapse of memory might have been a sort of apology for any imperfection growing out of forgetfulness, but lapse of memory cannot be considered a sufficient ground for absolutely refusing to certify the evidence in the case"; citing *Page* v. *Clopton, J.*, 30 Gratt. 415. Here it is not pretended that there was any *lack of time.* On the contrary, from the first, the judge made the agreement of opposing counsel a condition precedent to his certificate of the evidence; and finally, when counsel were out, and, with the knowledge of the court, engaged in preparing their respective statements to be submitted to the court for its action, the orders were signed by the judge and the court adjourned for the term; the effect of which was to erect a screen between the plaintiffs' case and this court, and to deprive them most unjustly of the opportunity of having their cases reviewed upon a complete record. *Powell* v. *Tarry's Adm'r* was exceedingly irregular, but it furnishes no parallel to the proceedings in this case

The said judgments must be reversed and annulled, and the causes remanded to the said circuit court for a new trial to be had therein in accordance with the views herein expressed.

JUDGMENTS REVERSED.