## Wytheville.

## LANCASTER V. STOKES.

### June 8, 1916.

### Absent, Cardwell, J.

1. BILLS OF EXCEPTIONS—*Signing More Than Thirty Days After Term— Consent Order in Vacation.*—After the expiration of more than thirty days from the adjournment of the term of a court at which a final judgment was entered in an action of law, the judge of the court is without jurisdiction to enter a consent order extending the time for signing a bill of exception.

2. BILLS OF EXCEPTION—*Time of Signing Jurisdictional.*—The duty of the judge with respect to signing bills of exception is jurisdictional, and the time within which it should be exercised is measured by the statute. He has no right to defer signing bills of exception which have been tendered in due time until after the statutory limitation has expired, and thereby to deprive a litigant of the privilege of having his bills of exception made parts of the record. It is his province to settle questions of dispute between counsel with regard to the evidence, and he "cannot require counsel to agree upon a statement of the evidence as a condition precedent, nor plead lack of time or memory as justification of refusal to certify the same."

3. BILLS OF EXCEPTION—*Signing—Mandamus.*—*Mandamus* will lie to compel the judge of an inferior court to sign a proper bill of exception which he has refused to sign at the trial, although final judgment has since been entered in the case, as the party has no other legal remedy; but if he refuses to sign a bill certifying the facts or the evidence, because they have faded from his memory so that he cannot do so, the appellate court (while it cannot award a *mandamus*) will, upon proper proceedings had, grant the party aggrieved a new trial.

4. BILLS OF EXCEPTION—*Tendered in Time but Signed Afterwards.*—Where a proper bill of exception was tendered to the judge for his signature within the time prescribed by law, but was not signed until the expiration of such time, it will be held to be a part of the record as the exceptor has done everything required of him by law to perfect his bill.

5. PRINCIPAL AND AGENT—*Agent Exceeding Authority—How Proceeded Against.*—Where an agent exceeds his authority in making a contract

for his principal, he is not personally bound on the contract, unless it contains apt words to charge him, but must be proceeded against either by an action for deceit or by an action for the breach of his warranty of authority.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in an action of assumpsit. Judgment for the plaintiff. One of the defendants assigns error.

*Reversed.*

The opinion states the case.

*Pollard, Wise & Chichester*, for the plaintiff in error.

*Gunn & Mathews, John L. Ingram* and *Scott & Buchanan*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an action of assumpsit brought by the defendant in error, H. B. Stokes, against The Universal Screen and Blind Company, Inc., and the plaintiff in error, George W. Lancaster, to recover damages for the alleged breach of a contract of hire of the plaintiff as sales manager of the corporation by Lancaster as its president. There was a verdict and judgment in favor of the corporation and against Lancaster, which we are asked to review.

1. In the outset, the defendant in error moved to dismiss the writ of error as having been improvidently awarded on the ground that the bills of exception were not signed within thirty days after the end of the term at which the judgment was entered. The material facts in that connection are these: Judgment was rendered June 15, 1914, and the court adjourned for the term July 18, following. Within thirty days

after the adjournment, to-wit, on August 14, 1914, counsel for the plaintiff in error tendered bills of exceptions to the judge for his signature. The judge's statement of what then occurred, substantially, is that there was an irreconcilable difference between counsel as to certain evidence contained in the bills, and after hearing argument for three hours, he informed counsel that he would leave on his vacation the following Monday (the argument occurred on Friday) and had preparation to make for the departure of himself and family which prevented further consideration of the matter until after his return, unless counsel could agree on the evidence that day. Thereupon, with the consent of counsel for both parties, the judge entered the order of August 14, 1914, extending the time for signing the bills of exceptions. He furthermore stated that if counsel for the plaintiff in error had presented correct bills of exceptions they would have been signed immediately; and that he was not asked to decide "the evidence question," and, if asked, he would have done so. That state of mind on the part of the judge does not appear to have been communicated to counsel, but, on the contrary, the agreement by counsel upon the evidence on that day was made a condition precedent to signing the bills of exceptions until after the judge's return from his vacation. The consent order extending the time within which to perfect the bills of exceptions was intended to meet that emergency.

Upon objection, however, by counsel for the defendant in error, we feel constrained by the authorities to hold that the trial court was without jurisdiction to make the order of August 14. *Battershall* v. *Roberts*, 107 Va. 269, 58 S. E. 588; *Moore* v. *Harrison*, 114 Va. 425, 76 S. E. 920; *Ratliff* v. *Meadows*, 116 Va.

975, 83 S. E. 395; *Conaway* v. *Commonwealth*, 118 Va.
792, 88 S. E. 75.

With the "consent order" eliminated, the situation
is this: Within the time required by law, counsel for
the plaintiff in error presented to the judge for his
signature bills of exception stating his version of the
evidence, which, under the circumstances disclosed,
the judge failed to sign until after his vacation.   The
duty of the judge with respect to signing bills of excep-
tions is jurisdictional, and the time within which it
should be exercised is measured by the statute.   He
has no right to defer signing bills of exceptions which
have been tendered in due time until after the statu-
tory limitation has expired, and thereby to deprive a
litigant of the privilege of having his bills of exception
made parts of the record.   It was his province to
settle questions of dispute between counsel with re-
gard to the evidence, and he "cannot require counsel
to agree upon a statement of the evidence as a condi-
tion precedent, nor plead lack of time or memory as
justification  .  .  of refusal to certify the same."
(*Powell* v. *Terry*, 77 Va. 250), *Dillard & McCorkle* v.
*Thomas Dunlop*, 83 Va. 755, 3 S. E. 383.

"So, *mandamus* will lie to compel the judge of an
inferior court to sign a proper bill of exception which
he has refused to sign at the trial, although final judg-
ment has since been entered in the case, as the party has
no other legal remedy; but if he refused to sign a bill
certifying the facts or the evidence, because they have
faded from his memory so that he cannot do so, the
appellate court (while it cannot award a *mandamus*)
will, upon proper proceedings had, grant the party
aggrieved a new trial."   Burks' Pl. & Pr., pp. 776, 777.

In *Page* v. *Clopton, Judge*, 30 Gratt. (71 Va.) 415,
431, the court ordered a peremptory writ of *mandamus*

to issue, directing the respondent, on the tender of a bill of exceptions, "if the truth of the case be fairly stated in said bill, to sign it; and if the truth of the case be not fairly stated therein, to proceed to settle the same, and when settled, to sign it." *Collins* v. *Christian, Judge,* 93 Va. 1, 24 S. E. 472; *Conaway* v. *Commonwealth, supra.*

In *Conaway* v. *Commonwealth, supra,* the bills of exceptions were tendered in time, though not signed until after the time limit had expired; yet the court held that the accused had acquired a right to have the bills of exceptions signed "which she could have enforced by a writ of *mandamus* regardless of whether she applied for it before or after the thirty days expired." Therefore, the bills were held to be a part of the record. That case and the other authorities cited, conclusively resolve the preliminary question in favor of the plaintiff in error.

2. On the merits, we are of opinion that the verdict ought to have been set aside as contrary to the law and the evidence. Under the pleadings, such recovery could only be rested upon the hypothesis that there was a hiring of the plaintiff by Lancaster, not for the corporation, but for himself individually—a contention which is disproved by the testimony of both parties, and also by the documentary evidence in the case.

Stokes testified, "that he knew that the business he was transacting was the business of the company, and that the inventions under which the blind and screen were made belonged to the corporation, and that he was sent to sell goods for the company; that he was looking to the corporation and not to Mr. Lancaster for his money." In answer to the inquiry why he sued Mr. Lancaster, he said, "that was a matter that

was left to his attorney." The defendant Lancaster's testimony was also to the effect that there was no contract between him individually and Stokes, but that the agreement was made by him on behalf of the company. Moreover, it appears that all payments to Stokes, on account, were made with the checks of the company. In these circumstances, there can be no liability on the contract itself against Lancaster.

The present action, it will be observed, is joint (the common counts in assumpsit), against the corporation and Lancaster on *promises;* yet, as we have seen, the undisputed evidence shows that Lancaster made *no express promise for himself*, and used no apt *language* susceptible of being construed as an implied promise of personal responsibility.

In 1 Minor's Institutes (2nd ed.) 216, the learned author in discussing the subject of "Agent exceeding his authority," says: "It is a question in these cases . . how the agent or servant is to be charged; whether on the contract, which he has professed to make *as agent,* or for the *deceit* practiced by him in falsely pretending an authority which he did not in truth have; or upon an *implied undertaking* that he was really possessed of the power which he exercised. The better opinion seems to be that the *contract is void* not binding on the principal, because he gave no authority, nor on the *agent,* because he made no promise *for himself;* and that the agent must either be charged in a *special action on the case for the deceit,* alleging and proving the *scienter* . . or else, and better, in an action of trespass on the case in *assumpsit* upon an *implied contract* that he was clothed with power to do the act in question." Citing, 3 Rob. Pr. 71-2; 1 Pars. Cont. 58; *Polhill* v. *Walter,* 3 B. & Ald. (23 E. C. L.) 114; *Jenkins* v. *Hutchinson,* 13 Ad. &

El. N. S. (66 E. C. L.) 751; *Lewis* v. *Nicholson,* 18 Ad. & El. N. S. (83 E. C. L.) 511; *Randall* v. *Trimen,* 18 Com. B. (86 E. C. L.) 793-4; *Thompson* v. *Bond,* 1 Camp. 6, 7.

The doctrine announced by Professor Minor is sustained by the great weight of authority both American and English. Many of the cases are cited in the briefs of counsel.

In 2 Clark & Skyles on Law of Agency, sec. 585-c, pp. 1274-5, it is said: "*Better Rule.*—By the weight of authority, however, the principle upon which the above cases rest, if they are supposed to present the only ground of liabilty of the agent, has been substantially repudiated, and it is now generally agreed that the agent does not become personally liable on the contract, in such cases, unless it contains apt words to charge him, as such a course would be making a new contract between the parties instead of construing the old one; but his only liability in such cases is in an action for deceit or in an action for the breach of his warranty of authority."

This case was tried on the rejected theory, that if the contract did not bind the principal because of lack of authority in the agent to make it, the agent himself was personally liable thereon. The objection to such procedure is not technical but substantial. The action is on the *contract,* and if that be *void,* a recovery thereon cannot be had against the agent on the assumption that ultimately he may be held answerable to the plaintiff (not upon contract, but in a special action on the case) upon the implied undertaking that he possessed the authority which he assumed to exercise.

Without discussing dependent propositions, we are of opinion that the judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed.*