# Richmond

## Edgar Russell Harris v. Woodby, Incorporated, Et Al.

December 3, 1962.

Record No. 5471.

Present, All the Justices.

*George H. Gray* (*Outland & Gray*, on brief), for the plaintiff in error.

*Jay M. Ball* and *Jack B. Stokes* (*Parsons, Stant & Parsons*, on brief), for the defendants in error.

CARRICO, J., delivered the opinion of the court.

■ Woodby, Incorporated, the plaintiff, was awarded a judgment in the lower court in the sum of $1,381.00 against Edgar Russell Harris, the defendant, on an alleged assignment made by the defendant to the plaintiff. We granted the defendant a writ of error.

There are several assignments of error which relate to the rulings of the trial court on the merits of the claim in dispute. We cannot, however, consider these assignments because there is no proper transcript or narrative statement of testimony in the record before us. The one remaining assignment of error relates to the refusal of the trial judge to sign the "Statement of Testimony" tendered by the defendant. We may properly consider this assignment of error, and therefore proceed so to do. *Powell* v. *Tarry's Adm'r*, 77 Va. 250.

■ This issue arose in the case in the following manner:

The final order embodying the judgment complained of was entered on October 18, 1961. On December 15, 1961, the fifty-eighth day after final judgment, the defendant, pursuant to notice to plaintiff, tendered to the trial court a "Statement of Testimony."

The tendered statement, consuming about two full pages in the printed record, consisted of a narrative recital of the defendant's version of the testimony given by each of the witnesses who testified at the trial. Exhibits introduced at the trial were referred to in the statement.

It does not appear, from the record, that the plaintiff tendered a written statement of its version of the evidence.

On December 15, 1961, the same day that the statement was tendered, the court entered the following order:

"This day came the parties by counsel pursuant to notice by defendant, Edgar Russell Harris, that he would tender a statement of testimony for purposes of certification by this Court, and counsel for the plaintiff objected that the statement of testimony tendered was not an accurate and complete statement of the testimony at the time of trial.

"WHEREFORE this Court being of the opinion that the statement of testimony presented and which is attached to this order, does

not accurately and completely set forth the testimony at the time of trial, it is

"ORDERED that the Court hereby refuses to certify that statement of testimony as presented, to which action of the Court counsel for Edgar Russell Harris objected and excepted."

It should be noted that the only reason assigned by the trial court, in its order, for refusing to sign the statement was that it was not accurate and complete.

In his brief, the defendant asserts that the plaintiff could not inform the trial judge wherein the tendered statement was inaccurate and incomplete and that the plaintiff merely took the position that "by reason of lapse of time and memory a complete and accurate statement of the testimony could not be prepared. The trial court accepted and adopted this position."

In its brief, the plaintiff asserts that, "the problem was not the lapse of time, although this may have contributed to the dilemma, but the fact that counsel and the trial judge simply could not agree."

It must be assumed that the tendered statement was not accurate or complete, as the court's order held. We will even assume that the difficulty in preparing a proper statement arose, as the plaintiff contends, because of inability of counsel and the judge to agree upon the contents thereof. The duty of the trial judge to resolve the conflict, nonetheless, clearly appears from our Rules and prior holdings.

Rule 5:1, §10, states:

"If disagreement as to the contents of a record should arise between counsel, or between one or more of them and the clerk, the question shall be submitted to the judge and decided by him."

In *Page* v. *Clopton*, 30 Gratt. (71 Va.) 415, 427, it is stated:

". . . . [T]he duty of a judge is not ended and fully discharged when he merely refuses to sign a particular bill tendered, on the ground that the truth of the case is not fairly stated therein. He should go further. He should proceed, with the aid of counsel, to settle the bill, and when settled, to sign it. Originally it was supposed that the judge was only bound to sign the bill when a true one was presented to him, and where there was any objection to it that he was not required to aid in its correction, and might, therefore, refuse to sign it. But the practice has for a long time been otherwise."

See also *New Bay Shore Corp.* v. *Lewis*, 193 Va. 400, 404, 69 S. E. 2d 320; *Lancaster* v. *Stokes*, 119 Va. 149, 152, 89 S. E. 85; *Collins* v. *Christian*, 92 Va. 731, 736, 24 S. E. 472; *Dillard & McCorkle* v.

*Thomas Dunlop*, 83 Va. 755, 763, 764, 3 S. E. 383; Burks Pleading And Practice, 4th Ed., Sec. 199, p. 324, Sec. 311, Note 68, pp. 557-558; 8 Mich. Jur., Exceptions, Bill of, Sec. 50, p. 60, Sec. 54, p. 65.

When a party, seeking to appeal a case, tenders a transcript or narrative statement of the testimony, with which the opposing party does not agree, the latter should prepare and submit to the court his written version of the disputed testimony. The trial judge then, through consultation with the attorneys in the case, should attempt to reconcile the differences between them in an effort to formulate an accurate transcript or statement of the evidence.

If, after such consultation, the parties cannot agree it is the duty of the trial judge to make such alterations in and additions to the transcript or statement as will, in his opinion, render the same accurate. ██ If, because of the lapse of time or lack of memory, the judge is unable to accomplish this result, and the case is still under his control, he should order a new trial, so that a proper transcript or statement can be prepared.

When the case comes to us and it appears that, although the appealing party has proceeded according to the Rules, there is no transcript or statement of testimony because of the refusal of the trial judge to discharge his duty with respect thereto, our path is clear. We must, upon an assignment of error directed to the point, reverse the judgment and order a new trial, so that when the case is returned to this Court we will have the evidence so as to permit a decision on the merits of the appeal.

In *Powell* v. *Tarry's Adm'r, supra,* 77 Va., at p. 263, it is stated:

"While mandamus will lie to compel a judge to certify the evidence when he shall so refuse, it is also error to so refuse, of which any party injured may complain to this court, and for which this court will reverse the judgment of the court below. It is the right of a suitor to have the evidence certified to this court in a case where the judge refuses to certify the facts proved, on the ground that the evidence is conflicting. To refuse to do so, is to deny the suitor his right of appeal. . . . ."

For the reasons assigned, the judgment is vacated and reversed and the case remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*