COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Lemons[*]


AMOS F. KYHL
                                            OPINION BY
v.          Record No. 3000-98-4    JUDGE ROSEMARIE ANNUNZIATA
                                            MARCH 21, 2000
BETTY C. KYHL


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                  William Shore Robertson, Judge

            (Paul A. Morrison; Howard, Morrison &
            Howard, on brief), for appellant.  Appellant
            submitting on brief.

            (Thomas G. Smith, on brief), for appellee.
            Appellee submitting on brief.


     Amos F. Kyhl ("appellant") appeals an order of the Circuit

Court of Fauquier County reducing the amount of appellant's

spousal support to Betty C. Kyhl ("appellee") rather than

terminating it.  Preliminarily, appellant contends that the

inability of the trial court to certify an authoritative record

of the facts it relied upon in making its order requires remand

for a new trial.  He also claims that the trial court's entry of

an order reducing but not terminating spousal support

constituted abuse of discretion.  For the reasons that follow,

_____

        [*] Justice Lemons participated in the decision of this case
prior to his investiture as a Justice of the Supreme Court of
Virginia.

we vacate the order of the trial court and remand for a new trial.

## BACKGROUND

There is no transcript in this appeal, and the written statement of facts provided by the trial court is limited.

By order of the Circuit Court of Fauquier County dated August 25, 1994, appellant was required to pay $500 per month in spousal support. On July 31, 1998, appellant petitioned the trial court for termination of spousal support based upon material change in circumstances. The court heard appellant's motion argument on October 22, 1998, and entered an order on November 28, 1998 reducing appellant's monthly support obligation from $500 to $266.25. No court reporter was present at the hearing.

Appellant filed a notice of appeal to this Court on December 18, 1998. He subsequently filed a written statement of facts in lieu of transcript, to which appellee objected. Appellee filed a counter-statement of facts, to which appellant objected. Because of the parties' inability to agree on the facts presented to, and relied upon by, the trial court in entering its order of November 28, 1998, the trial court filed a signed "Certification of Written Statements of Facts, Testimony, and Other Incidents of the Case" ("Certification") pursuant to Rule 5A:8(c) and (d). The court stated in its Certification

that it based its decision to reduce but not terminate spousal support upon the income and expense statements of the parties and "all of the evidence" at the October 22, 1998 hearing. The court also considered a supplemental verification of annuity filed on October 27, 1998. The court stated that it believed "the record on appeal and the corrections and additions stated . . . will provide the Court of Appeals with a sufficient record upon which this matter may be decided on appeal." The court conceded that "the passage of time and the lack of a transcript or other memoranda or notes prevent the [c]ourt even with the assistance of counsel from stating further incidents of trial." The court also acknowledged that if the Court of Appeals should determine that a more complete record is necessary for proper adjudication of the appeal, the case could be remanded for a new trial.

ANALYSIS

Proctor v. Town of Colonial Beach, 15 Va. App. 608, 425 S.E.2d 818 (1993), governs the outcome of this case. In Proctor, we observed that Rule 5A:8(c) imposes three requirements for a written statement of facts to be included in the record of a case on appeal: 1) it must be filed in the office of the clerk of the trial court within fifty-five days after entry of judgment; 2) a copy of the statement must be mailed or delivered to opposing counsel along with a notice that

the statement will be presented to the trial judge between fifteen and twenty days after filing; and 3) the trial judge must sign the statement, and the signed statement is to be filed in the office of the clerk.[1]  See Proctor, 15 Va. App. at 610, 425 S.E.2d at 819.  Once an appellant has complied with the first two steps, he or she has established prima facie compliance with the requirements of the Rule.  See id. at 610, 425 S.E.2d at 820.  The trial judge must then either sign the statement, correct it and sign the corrected statement, or, if the judge cannot in good faith recall or accurately reconstruct the relevant proceedings, order a new trial.  See id. at 611, 425 S.E.2d at 820.

---

[1] Rule 5A:8(c) states, in pertinent part:

> In lieu of a transcript, a written statement of facts, testimony, and other incidents of the case . . . become a part of the record when:  (1) within 55 days after entry of judgment a copy of such statement is filed in the office of the clerk of the trial court.  A copy must be mailed or delivered to opposing counsel accompanied by notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after such filing; and (2) the statement is signed by the trial judge and filed in the office of the clerk of the trial court.  The judge may sign the statement forthwith upon its presentation to him if it is signed by counsel for all parties, but if objection is made to the accuracy or completeness of the statement, it shall be signed in accordance with subsection (d) of this Rule.

In *Proctor*, the trial judge failed to sign the written fact statement. Because of this omission by the trial court, we remanded the case with instructions for the judge to either sign the statement, correct it and sign it, or, if he could not accurately recall or reconstruct the facts of the case, order a new trial. See *id.*; *cf.* *Harris v. Woodby, Inc.*, 203 Va. 946, 948, 128 S.E.2d 278, 281 (1962)[2] (when judge is unable to certify accuracy of statement of facts, or make sufficient emendations to render it accurate, judge should order a new trial so that a proper transcript or statement of facts can be prepared).

In this case, the judge admitted in the Certification that he could not recall or reconstruct all of the facts presented at trial and which served as the basis for his order. Although the trial judge stated that those facts included in the Certification should be sufficient to determine the outcome of the appeal, we cannot say the record before us supports that conclusion.

In setting forth the facts underlying its decision, the court's Certification makes general reference to "material changes in the parties' circumstances" and notes that the court "considered the income and expense statements of the parties and

---

[2] Our decision in *Proctor* comports with the Supreme Court's case law construing Rule 5:11, which corresponds to Rule 5A:8. See *Barrett v. Barrett*, 1 Va. App. 378, 380, 339 S.E.2d 208, 209 (1986).

all of the evidence at [the] hearing together with a supplemental verification of annuity about which the plaintiff had testified . . . ." These factors for determining awards of spousal support are among those enumerated in Code § 20-107.1. However, in their opposing statements of fact, the parties differed over such basic issues as the value of realty owned by appellant, the medical conditions of both parties, their respective incomes, and facts supporting a claim for imputed income. Thus, reading together the Certification and the parties' proposed statements of fact in light of the trial court's admitted inability to fully recall the facts established at the hearing, we conclude that the facts set forth in the Certification do not constitute a complete and accurate record of the proceedings pertinent to this appeal. Accordingly, we remand the case for a new trial. See Proctor, 15 Va. App. at 611, 425 S.E.2d at 820.[3]

We find no merit to appellee's argument that ordering a new trial in this instance violates the doctrine of res judicata.

---

[3] The facts of this case distinguish it from the result in White v. Morano, 249 Va. 27, 452 S.E.2d 856 (1995). In Morano, the Virginia Supreme Court held that when a court reporter is present at trial and has recorded the proceedings, but appellant fails to submit a transcript of those proceedings to the reviewing court, the decision of the trial court will be affirmed. See id. at 31, 452 S.E.2d at 858. However, the Supreme Court further noted in Morano that when an insufficiency of the record is the result of the trial judge's inability to fully recall the proceedings and no reporter was present, the rule of Harris, 203 Va. 946, 128 S.E.2d 278, applies. See id.

Although she correctly cites AMP, Inc. v. Ruebush, 10 Va. App. 270, 275, 391 S.E.2d 879, 882 (1990), for the proposition that "public policy considerations which favor certainty in the establishment of legal relations[ ] demand an end to litigation, and seek to prevent harassment of the parties," such considerations are irrelevant to this appeal. "Res judicata precludes the re-litigation of a claim or issue once a final determination on the merits has been reached by a court having proper jurisdiction over the matter." Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994) (citing Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989)). "[A] judgment is not final for the purposes of res judicata . . . when it is being appealed . . . ." Faison v. Hudson, 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992). On appeal, appellant contends the trial judge violated Rule 5A:8 when he signed the statement of facts, despite the trial judge's admission that he was unable to certify all of the facts established at the hearing. As held in Faison, res judicata does not bar an appeal of a trial court's interpretation of the law.

Finally, because the factual record in this appeal is incomplete, we do not reach appellant's claim that the trial court abused its discretion by refusing to terminate spousal support. Records of cases on appeal must be "'accurate [and]

complete to the degree necessary to adjudicate the appeal.'"
Williams v. Commonwealth, 7 Va. App. 516, 522, 375 S.E.2d 364,
367 (1988) (en banc) (Benton, J., dissenting) (quoting Turner v.
Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986));
see also Lamb v. Commonwealth, 222 Va. 161, 163 n.2, 279 S.E.2d
389, 391 n.2 (1981).  In the absence of a complete factual
record, we decline to address appellant's second claim.

  For the foregoing reasons, we vacate the order of the trial
court and remand for a new trial.

Vacated and remanded.