# Wytheville.

## GEORGE SORROS v. COMMONWEALTH.

### June 15, 1922.

1. EXCEPTIONS, BILL OF—*Time of Filing—Bills of Exceptions Not Signed Within Required Time No Part of Record.*—In the instant case, the bills of exceptions were not signed by the judge until more than sixty days after the entry of the final judgment. There was nothing in the record to explain this delay, so as to bring the petitioner for the writ of error within the requirement of the statute law (sections 6252, 6253, Code of 1919).

   *Held:* That the bills of exceptions were no part of the record.

2. ASSIGNMENT OF ERRORS—*Assignments Depending Upon Consideration of Evidence—Evidence Not in the Record.*—Where all of the assignments of error insisted upon depend for their consideration upon the evidence, which, owing to the fact that the bills of exceptions were not signed within the statutory time, was not in the record, the writ of error must be dismissed as improvidently awarded.

Error to a judgment of the Circuit Court of Wise county.

*Dismissed.*

The opinion states the case.

*Kilgore & Dotson,* for the plaintiff in error.

*John R. Saunders,* Attorney-General; *J. D. Hank, Jr.,* Assistant Attorney-General, and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

SIMS, J., delivered the opinion of the court.

We are met on the threshold of this case by the motion of the Attorney General to dismiss the appeal

for lack of any record accompanying the petition for the writ of error.

[1, 2] The final judgment in this case was entered in the court below on April 26, 1920. The bills of exceptions were not signed by the trial judge until June 29th, which was more than sixty days after the entry of the final judgment. We find nothing in the record to explain this delay so as to bring the petitioner for the writ of error within the requirement of the statute law (Secs. 6252, 6253), that the bills of exception, or certificates, must be signed within sixty days from the time at which the final judgment is entered. The bills of exception accompanying the petition are therefore no part of the record before this court. All of the assignments of error insisted upon depend for their consideration upon the evidence. The appeal must, therefore, be dismissed as improvidently awarded. *Bragg* v. *Justis,* 129 Va. 354, 106 S. E. 335; *Harley's Case,* 131 Va. 664, 108 S. E. 648; *Kelly* v. *Trehy, ante* p. 160; 112 S. E. 757, decided at this term.

*Dismissed.*