# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JAMES M. KAVANAUGH v. JULIA E. STEVENSON.

### November 15, 1923.

1.  EXCEPTIONS, BILL OF—*Certificates in Lieu of Bill of Exceptions—Time of Signing.*—Section 6253 of the Code of 1919, subdivision (f) provides that "any certificate to the intents and purposes of this section may be signed by the trial judge at any time before final judgment is entered, or within sixty days from the time at which such judgment is entered."

    *Held:* That the mere tender of the certificates to the trial judge within the sixty days mentioned in the statute cannot be regarded as a sufficient compliance with the statute, which requires the certificates to be "signed" within sixty days from the time the final judgment is entered.

2.  EXCEPTIONS, BILL OF—*Time of Signing—Tender for Signing—Party not in Default.*—It has been uniformly held that section 6252 of the Code of 1919, and the similar language of the statute as it stood prior to the Code of 1919, requires that the bills of exceptions must be, not merely tendered, but *signed* within the time prescribed by statute; with the sole exception of cases in which it affirmatively appears from the record before the appellate court that the party making the tender of the bills of exceptions has not only made the tender within the time fixed by the statute, but that the circumstances are such as to show that such party is in no default—has done all that he could do in compliance with the statute—and that he would have been entitled to a mandamus compelling the judge to affix his signature.

3.  EXCEPTIONS, BILL OF—*Certificates in Lieu of Bill of Exceptions—Time of Signing.*—The whole time allowed by sections 6252 and 6253 of the Code of 1919 for signing bills of exception or certificates in lieu of bill of exceptions is not given to counsel. Some of it, such as may be under all the circumstances fair and just, belongs to the trial court. The judge is only required to sign certificates which are substantially correct, and he must have a reasonable opportunity to examine their contents.

4.  EXCEPTIONS, BILL OF—*Certificates in Lieu of Bill of Exceptions—Presumption as to Cause of Judge's Failure to Sign.—Case at Bar*—Where the certificates in lieu of a bill of exceptions were not tendered to the trial judge until on the fifty-ninth day after the final judgment,

and no circumstances appeared from the record in explanation of the delay of the trial judge in signing the certificates after they were tendered to him, it cannot be assumed that his failure to sign the certificates on that day or the next was due to his lack of diligence or other fault, or to his illness, rather than to the fact that the two days last mentioned did not under the circumstances (which do not appear from the record) afford him a reasonable opportunity to examine the contents of the certificates after they were tendered to him, or to some other fault of the petitioner.

5. EXCEPTIONS, BILL OF—*Certificates in Lieu of Bill of Exceptions—Failure of Judge to Sign in Time.*—Where no facts appear from the record making it a case in which it could be said that the plaintiff in error would have been entitled to a mandamus compelling the trial judge to sign certificates in lieu of a bill of exceptions tendered on the 59th day after the judgment, the writ of error must be dismissed. Such facts are jurisdictional and, hence, must affirmatively appear from the record in order to give the appellate court jurisdiction.

Error to a judgment of the Circuit Court of Rockingham county in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Case dismissed on the ground that the writ of error was improvidently awarded.*

This is an action for damages for personal injury. The assignments of error are such that they all depend for their consideration upon the evidence. There was a verdict returned and judgment entered thereon for the plaintiff, the defendant in error, on October 29, 1921. Thereafter, during the same term of the court, there was, on November 3, 1921, a motion by the defendant, the plaintiff in error, to set aside the verdict as contrary to the law and the evidence and to grant the defendant a new trial, which motion the court, on the same day, overruled, and the defendant excepted. The certificates of the evidence and of the action of the trial court complained of in the assignments of error in giving and

refusing instructions, in admitting and excluding evidence, and in refusing to vacate the judgment, set aside the verdict and grant a new trial, were tendered to the trial judge on December 31, 1921, as he certifies, but were not signed by him until January 31, 1922. There is nothing in the record in explanation of the delay in the signing of the certificates from December 31, 1921, to January 31, 1922.

*D. O. Dechert,* for the plaintiff in error.

*E. B. Crawford* and *Geo. N. Conrad,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The defendant in error has moved this court to dismiss the writ of error for lack of any record accompanying the petition therefor, taking the position that the certificates were not signed within sixty days from the time the final judgment was entered (which the defendant in error claims was on October 29, 1921), as required by section 6253 of the Code; that, consequently, they cannot be considered by this court, and that the writ of error should be dismissed as improvidently awarded. Citing *Bragg* v. *Justis,* 129 Va. 354, 106 S. E. 335; *Kelly* v. *Trehy,* 133 Va. 160, 112 S. E. 757; *Portner* v. *Portner,* 133 Va. 251, 112 S. E. 762; *Sims* v. *Capper,* 133 Va. 278, 112 S. E. 676; *James' Case,* 133 Va. 723, 112 S. E. 761; *Sorros' Case,* 133 Va. 798, 112 S. E. 771; *Thrift's Case,* 133 Va. 830, 112 S. E. 770.

The plaintiff in error takes the position that, inasmuch as there was a motion made in his behalf, on November 3, 1921, which was in substance a motion to

vacate the judgment, as well as to set aside the verdict and grant him a new trial, the judgment did not become final until November 3, 1921, when that motion was overruled, and that, as the certificates were tendered to the trial judge on December 31, 1921, they were so tendered within sixty days from that date, which it is claimed was the time at which the final judgment was entered in contemplation of law, so that, as it is contended, the certificates are within the requirements of said statute.

[1-3] Said statute (section 6253 of the Code), so far as material, provides as follows:

"(f). When certificates may be signed.—Any certificate to the intents and purposes of this section may be signed by the trial judge at any time before final judgment is entered, or within sixty days from the time at which such judgment is entered, *    *."

The certificates in the instant case, however, although tendered to the trial judge within fifty-nine days from the order of November 3, 1921, were not signed by him until January 31, 1922, which not being within sixty days from November 3, 1921, even if that could be considered as the time at which the final judgment was entered, renders it unnecessary for us to pass upon the question whether, within the meaning of the statute, the final judgment must be considered as entered on October 29th, or November 3, 1921; unless the mere tender of the certificates to the trial judge within the sixty days mentioned in the statute must be regarded as a sufficient compliance with the statute. We do not think that the statute admits of the construction last mentioned.

Section 6253 does not use the word "tender." It requires the certificates to be "signed" within sixty days from the time the final judgment is entered. It is true

that in section 6252 of the Code, in which the time for signing bills of exceptions is made the same as is required by section 6253 for signing certificates, the language of the statute is as follows: "Any bill of exceptions may be tendered to the judge and signed by him, at any time before final judgment is entered, or within sixty days from the time at which such judgment is entered, * * *." But this not merely requires bills of exceptions to be "tendered," it also requires them to be "signed" within sixty days. And it has been uniformly held by this court that this, and the similar language of the statute as it stood prior to the Code of 1919, requires that the bills of exceptions must be, not merely tendered, but *signed* within the time prescribed by statute; with the sole exception of cases in which it affirmatively appears from the record before the appellate court that the party making the tender of the bills of exceptions has not only made the tender within the time fixed by the statute, but that the circumstances are such as to show that such party is in no default— has done all that he could do in compliance with the statute—and that he would have been entitled to a mandamus compelling the judge to affix his signature. *Portner* v. *Portner's Ex'rs*, 133 Va. 251, 271-3, 112 S. E. 762; *Conway's Case*, 118 Va. 792, 88 S. E. 75; *Lancaster* v. *Stokes*, 119 Va. 149, 89 S. E. 85; *Dillard & McCorkle* v. *Dunlop*, 83 Va. 755, 3 S. E. 383; *Powell* v. *Terry*, 77 Va. 250; *Page* v. *Clopton, Judge*, 30 Gratt. (71 Va.), 415.

As said in *Portner* v. *Portner's Ex'rs*, just cited, in the opinion of the court delivered by Judge Kelly: "The whole time is not given to counsel. Some of it, such as may be under all the circumstances fair and just, belongs to the trial court. He is only required to sign certificates which are substantially correct, and he must have a reasonable opportunity to examine their con-

tents.   In some cases this would require only a few minutes.   In others considerably more time might be necessary.   Each case will depend upon its own circumstances.   *   *   *''

[4, 5] No circumstances appear from the record before us in explanation of the delay of the trial judge in signing the certificates after they were tendered to him. They were not tendered to him until on the fifty-ninth day after the order of November 3rd.   In the entire absence of evidence on the subject we cannot assume that his failure to sign the certificates on that day or the next, even if that could be held to have been within the sixty days required by the statute, was due to his lack of diligence or other fault, or to his illness, rather than to the fact that the two days last mentioned did not under the circumstances (which do not appear from the record) afford him a reasonable opportunity to examine the contents of the certificates after they were tendered to him, or to some other fault of the petitioner.   No facts appear from the record before us making it a case in which it can be said that the plaintiff in error would have been entitled to a mandamus compelling the trial judge to sign the certificates as of November 3 or 4, 1921, so as to bring the case within the statute, even according to the contention in behalf of the plaintiff in error that would have been within sixty days after the time at which the final judgment was entered.   Such facts are jurisdictional and, hence, must affirmatively appear from the record in order to give the appellate court jurisdiction.   Since they do not so appear, we are constrained to dismiss the case.

*Case dismissed on the ground that the writ of error was improvidently awarded.*

BURKS, J., concurs in result.