# Wytheville.

LAMBERT v. PHILLIPS & SON.

June 10, 1909. ·

1. PRINCIPAL AND AGENT—*To Whom is Credit Given—Presumption.*—
If an agent makes full disclosure of his principal to one with
whom he is dealing, the legal presumption is that credit is given
to the principal and not to the agent, unless it further appears
that credit was expressly and exclusively given to the agent.

2. CONTRACTS—*Principal and Agent—To Whom is Credit Given—Independent Contractor.*—Whether an independent contractor, or
the owner, or the lessee of a building is liable for materials
furnished for an improvement of the building depends upon
the question, to whom was credit given. Where an independent
contractor is sued, the fact that he was an independent contractor is to be considered along with all the other facts and
circumstances in determining to whom credit was given, but is
not decisive of that question.

3. INSTRUCTIONS—*Partial View of Evidence.*—An instruction should not
be given which calls the attention of the jury to one question
specifically, with but little reference to other questions involved
in the case, as it tends to impress unduly on the jury that question and the facts bearing upon it, to the disadvantage of the
other evidence in the case bearing upon the issue to be determined.

Error to a judgment of the Circuit Court of the city of
Richmond in an action of *assumpsit.* Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

The following are the instructions given for the plaintiffs
referred to in the opinion of the court:

No. 1. "The court instructs the jury, that a person who is skilled in the performance of a particular kind of work, and who on account of his skill is employed to do a piece of work, without restriction upon the means to be employed in doing the work, and employs his own labor, which is subject alone to his control and direction, and undertakes to do the work, either according to his own ideas, or in accordance with plans furnished by a person for whom the work is done, is an independent contractor, and his character as an independent contractor is not affected by the fact that his compensation is measured by a percentage to himself upon the work to be done. And the court instructs the jury, that if they believe from the evidence that the Allen Hotel Company contracted with G. W. Lambert for the repairs to be done on the building at 9th and Broad streets and that the said G. W. Lambert had the right to employ and discharge the men doing the work on said building as well as the right to control as to the method of doing the work, and that the said G. W. Lambert contracted for materials, labor, etc., necessary for said work, then the court instructs the jury, that the said G. W. Lambert was a contractor with the Allen Hotel Company and was not its agent or servant; and if the jury believe from the evidence that the plaintiffs contracted with said Lambert as an independent contractor to do the painting and plumbing, and not with said Allen Hotel Company, then the jury should find for the plaintiffs.

No. 2. "The court instructs the jury, that although they may believe from the evidence that G. W. Lambert was the agent and servant of the Allen Hotel Company, and was not an independent contractor, yet if the jury further believe from the evidence that the said G. W. Lambert did not disclose to the plaintiffs his alleged agency at the time the work was ordered to be done, and that the plaintiffs agreed to do the work on the faith and credit of the said Lambert, and not for said Lambert as agent, then the jury should find for the plaintiffs, notwith-

standing they may believe that the said Lambert was acting as agent as aforesaid."

*Wm. L. Royall,* for the plaintiff in error.

*John A. Lamb,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

Phillips and Son instituted their action of *assumpsit* against G. W. Lambert to recover the value of certain work and labor done and materials furnished by them as plumbers on two houses situated in the city of Richmond, one at the corner of Broad and Ninth streets, and the other on the corner of Broad and Tenth streets. The property was owned by the Richmond Realty Company, but at the time the said work was done and materials furnished was leased to one Jake Wells, who had employed Lambert to superintend the making of the improvements which he was having put on the property. The question involved in the case is whether or not Lambert was personally responsible to the plaintiffs for the work done and materials furnished by them.

There was a verdict and judgment for the plaintiffs. To that judgment this writ of error was awarded.

The errors assigned are to the action of the court in giving two instructions asked for by the plaintiffs, the refusal to give instruction "A" offered by the defendant, and the giving of the court's own instruction in lieu thereof.

The instruction given by the court in lieu of the defendant's instruction is as follows: "The court instructs the jury, that the existence and character of the relation between the plaintiffs and the defendant, depending upon a verbal contract, it is the province of the jury to determine from the whole evidence in the case, what was the relation between the parties. The court instructs the jury, that if they believe from the evidence

that Lambert was not an independent contractor, as defined in these instructions, but was merely an agent to supervise improvements to be made at the corner of Ninth and Broad streets, and also if they further believe from the evidence that he (Lambert) made full disclosure of his principal to the plaintiffs, and that credit was given by the plaintiffs to the Hotel Allen Company, and not to the defendant, then the jury should find for the defendant."

This instruction is, we think, erroneous.   If, as it hypothetically states, Lambert was merely the agent of Jake Wells, or the Allen Hotel Company, to supervise the improvements to be made upon the property, and made full disclosure of his principal to the plaintiffs, Lambert was not responsible for the work done and materials furnished unless credit was given to him expressly and exclusively.

Chancellor Kent, in volume II of his commentaries, side-page 629, says: "Every contract made with an agent in relation to the business of the agency is a contract with the principal, entered into through the instrumentality of the agent, provided the agent acts in the name of the principal.   The party so dealing with the agent is bound to his principal, and the principal and not the agent is bound to the party.   It is a general rule, standing on strong foundations and pervading every system of jurisprudence, that where an agent is duly constituted and names his principal and contracts in his name, and does not exceed his authority, the principal is responsible and not the agent.   The agent becomes personally liable only when the principal is not known, or where there is no responsible principal, or where the agent becomes responsible by an undertaking in his own name, or where he exceeds his power."

In note 1 American Leading Cases, 454, it is said, that when the relation of principal and agent exists in regard to a contract, and is known to the other party to exist, and the principal is disclosed at the time as such, the contract is the contract of the principal, and the agent is not bound unless

credit had been given to him expressly and exclusively and it was clearly his intention to assume a personal liability."

In Mechem on Agency, section 558, it is said: "Where dealings are had with the agent of a known principal, the legal presumption is, as has been said, that the credit was given to the principal, rather than to the agent personally, and this presumption will prevail in the absence of evidence that the credit was given exclusively to the agent and the burden is upon the party alleging it." See also *Meeker* v. *Cleghorn,* 44 N. Y. 349; *Humes* v. *Decatur Land Co.,* 98 Ala. 461, 13 South. 368; *Strider* v. *Wench, &c.,* 21 Gratt. 440, 445; Story on Agency, sec. 447; 1 Am. & Eng. Enc. L., 1120; Clark & Skyles on Law of Agency, sec. 565.

If the jury believed from the evidence that Lambert was the agent of the party having the improvements made, and that he (Lambert) made full disclosure of his principal to the plaintiff, then the legal presumption was that the credit was given to the principal and not to the agent, unless it further appeared that the credit was expressly and exclusively given to the agent, and the instruction ought to have been so framed as to make this plain to the jury.

From what has been said it is clear that the defendant's instruction "A" was plainly erroneous and was properly refused by the court.

We are further of opinion that instructions Nos. 1 and 2, given at the request of the plaintiffs, were misleading. Lambert may have been an independent contractor in making the improvements upon the said buildings, and responsible to his employees and third persons for injuries resulting from his negligence in doing that work, and yet the owners or lessee of the property may have been responsible to the plaintiffs for the work and labor done and materials furnished. Whether Lambert or the owner or lessee was liable to the plaintiffs depended upon the question, to whom was the credit given. The fact that Lambert was or was not an independent contractor was

a fact to be considered along with all the other facts and cir-cumstances of the case in determining to whom the credit was given by the plaintiffs, but it was not decisive of that question. All the instructions given, and especially No. 1, call the at-tention of the jury to that question specifically, with but little reference to other questions involved in the case, thus tending to impress unduly on the jury that question and the facts bear-ing upon it, to the disadvantage of the other evidence in the case bearing upon the issue to be determined. Upon the next trial that should be avoided, and the jury left to determine upon all the facts and circumstances of the case to whom the credit was given by the plaintiffs in doing the work and furnish-ing the materials.

*Reversed.*