## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Virginia Broadcasting Corp.

v.

John Marks Associates
Advertising, Inc.

October 25, 1990

Case Nos. (Law) 4417, 4418, 4419, 4485

By JUDGE JAY T. SWETT

I have reviewed the transcript of the hearing of
August 17, 1990, and have considered the authorities sub-
mitted in support of your respective positions. The issue
to resolve is one of agency law. Under what circumstances
is an agent liable as a party to a contract when the agent
has not fully disclosed the identity of the agent's princi-
pal? There is very little authority in Virginia that sheds
light on the answer.

There are certain principles of agency law that are
worth restating and give us a starting point. Virginia
follows the general rule that unless the parties agree
to the contrary, an agent who contracts with another,
having disclosed the fact of agency as well as the identity
of principal, incurs no personal liability on the contract.
*Lambert v. Phillip*, 109 Va. 632, 635-636 (1909); *Richmond
Union Passenger Ry. Co. v. New York and Seabeach Ry.*,
95 Va. 386, 395 (1897). On the other hand, one who enters
into a contract in his own name when he is actually acting
as an agent for an undisclosed principal will be personally
liable under the contract together with the undisclosed

principal. *Harriss, Magill Co. v. Rodgers Co.*, 143 Va. 815, 828 (1925).

This case, as most difficult cases do, falls in between these two principles. Because the answer requires a factual determination by the court, a statement of the facts is appropriate. The plaintiff will be referred to as WVIR and the defendant as Marks Associates.

In December, 1988, WVIR agreed to run a number of TV ads for a furniture company referred to throughout the August 17, 1990, hearing as Furniture Fair, Furniture Fair of Culpeper, Furniture Fair of Culpeper, Inc., and Furniture Fair of Culpeper and Stanley, Virginia. The ads were placed following a telephone call from Marks Associates. Placing ads with a TV station directly by an advertising agency for an advertiser is a well-accepted practice. In this case, an employee of Marks Associates telephoned an employee of WVIR and provided the information which resulted in ads that ran from December, 1988, through February, 1989.

In accordance with industry practice, WVIR billed Marks Associates for the ads expecting Marks Associates to bill and collect from its principal, the advertiser. Four invoices were sent each containing a gross amount, an agency commission, and a net amount representing the difference between the gross and the commission. Marks Associates was expected to bill the gross amount and when paid send the net amount of WVIR. In this case, bills sent to the advertiser by Marks were never paid.

The evidence of WVIR was that the only information given in December of 1988 by Marks Associates to identify its principal was the name "Furniture Fair." Ms. Marsha Taylor Trumble, the salesperson for WVIR who "sold" the ads testified that the only reference she could recall regarding the identity of the advertiser was "Furniture Fair." She also testified that she gave no consideration to the credit worthiness of the advertiser, relying on the reputation of Marks Associates, the advertising agency. A number of documents were introduced through the WVIR business manager, all of which identified the advertiser as "Furniture Fair."

Howard John Marks, Jr., President of Marks Associates, testified that he was the one who spoke with Ms. Trumble in December of 1988 and gave the full name of Furniture

Fair, although he could not recall whether he identified the advertiser as Furniture Fair of Culpeper, Inc., or Furniture Fair of Culpeper. He testified that industry practice would not have called for adding "Inc." to the name of the advertiser.

After efforts by Marks Associates to have Furniture Fair of Culpeper pay the invoices, Marks Associates instituted suit against Furniture Fair of Culpeper, Inc., and obtained judgment. However, the judgment was never satisfied, as Furniture Fair of Culpeper, Inc., filed for bankruptcy. Meanwhile, WVIR proceeded on its own and initiated suit against a company based in Suffolk, Virginia, known as Furniture Fair, Inc. WVIR sued Furniture Fair, Inc., rather than Furniture Fair of Culpeper, Inc., because of an inquiry to the State Corporation Commission. As it turned out, Furniture Fair, Inc., was a corporation unrelated to Furniture Fair of Culpeper, Inc. That suit was nonsuited. Suit was then initiated by WVIR against Mr. Frank Fair, d/b/a Furniture Fair. WVIR then learned that the correct name of the defendant was Furniture Fair of Culpeper, Inc. By that time, it had declared bankruptcy. WVIR then proceeded against Marks Associates for the amount of the four invoices.

The parties do not dispute that Marks Associates was acting as an agent when it purchased the ads from WVIR and that this was known to WVIR. Thus, this is not a case in which an agent is personally liable for entering into a contract for an undisclosed principal. Here, the question is to what extent did the agent disclose the true identity of the principal. The general rule appears to be that an agent may be personally liable on a contract where the principal is only partially disclosed.

As noted earlier, there are no Virginia cases dealing with the liability of an agent on a contract for a partially disclosed principal. Both parties have submitted a number of cases from other jurisdictions. A threshold question to be decided is which party has the burden of proof on the underlying factual dispute that ultimately is determinative of the case. The factual dispute involves reconciling the testimony of Mr. Marks and Ms. Trumble in light of the documents introduced in evidence. WVIR argues the burden to prove adequate disclosure of the principal is on the agent who attempts to avoid personal liability

on the contract. Not surprisingly, defendant argues that the burden falls to plaintiff presumably arguing that the burden of proof is always on a plaintiff to prove every essential element of its case before it can recover a money judgment.

After reviewing several cases, it is my conclusion that the burden of proof is different depending on the nature of plaintiff's claim. Where plaintiff's claim is that it entered into a contract with an agent without knowing of the agency relationship or having no reason to know that the agent did not intend to be personally liable, then the burden is upon the agent to prove the existence as well as he disclosure of both the agency relationship and the identity of the principal. On the other hand, where a plaintiff acknowledges that it entered into a contract with an agent who at the time was acting for a principal where the principal was the party to be bound, the burden of proof should be on plaintiff to prove that the identify of the principal was not adequately disclosed. The cases cited by plaintiff support the first rule. *See Arthur Jensen v. Alaska Valuation Service, Inc.*, 688 P.2d 161 (Alaska 1984).

Our case, however, falls in the second category. Here WVIR entered into a contract to run TV ads naming Marks Associates as an advertising agency and Furniture Fair as the "advertiser" or principal. Citing *Mechem on Agency*, our Supreme Court in *Richmond Union, supra*, held as follows:

> Where an agent makes a full disclosure of the fact of his agency, and the name of his principal, and contracts only as the agent of the named principal, he incurs no personal responsibility, sec. 555. It is, of course, competent for the agent to bind himself personally, but the presumption is that he intends to bind only his principal, and the burden of proof is upon him who undertakes to establish the agent's personal liability.

95 Va. at 395.

Before addressing the evidence, a comment should be made regarding some of the evidence that was introduced

in the hearing. The evidence included copies of the TV ads prepared by Marks Associates for WVIR and other ads placed by Furniture Fair of Culpeper in magazines or newspapers. The law seems fairly clear that the issue of disclosure is addressed as of the time of the making of contract. Information derived or learned after the contract has been made is not to be considered unless there is an allegation of a subsequent amendment or the like, which is not the case here. The focus then has to be on the telephone communication between the employee of Marks Associates and the employee of WVIR.

Ms. Trumble, whose maiden name was Marsha Taylor when she was employed by WVIR in December of 1988, testified that she never spoke with Mr. Marks personally regarding Furniture Fair of Culpeper, Inc. She testified that she spoke with Susan Murphy, an employee of Marks Associates. She testified that the only conversations she could remember with Ms. Murphy referred to the advertiser as "Furniture Fair."

On the other hand, Mr. Marks testified that he was personally involved in placing the Furniture Fair ads with WVIR. He stated that he was approached by Mr. Frank Fair regarding Marks Associates' making television commercials similar to others that Fair had seen prepared by Marks Associates. Mr. Marks testified that he was put on notice of the name of Mr. Fair's company, Furniture Fair of Culpeper, Inc., and further that Mr. Fair told Mr. Marks that there was another Furniture Fair in Virginia, which is why he selected the name Furniture Fair of Culpeper. Marks testified that he spoke with two people at WVIR, Mr. Fernault, general sales manager, and to Ms. Marsha Taylor. Mr. Marks testified that he made notes of his conversation with Ms. Taylor which were introduced into evidence. The handwritten notes have the entry "Ordered 1/22/88 - Marsha." The notes identify the advertiser as "Furniture Fair of Culpeper, Inc." The notes have the various ads or "spots" listed in columns by hour and by day of the week. Mr. Marks testified that he identified the advertiser to Ms. Trumble either as Furniture Fair of Culpeper or Furniture Fair of Culpeper, Inc.

After weighing this evidence, it is my conclusion that the evidence supports the position of the defendant and that the name Furniture Fair of Culpeper or Furniture

Fair of Culpeper, Inc., was disclosed to WVIR. Ms. Trumble initially denied that she had any conversation with Mr. Marks regarding Furniture Fair. However, on cross-examination, Ms. Trumble was shown a business card that had been sent to Mr. Marks with a copy of the contract with a note "Jack, thanks for the buy. Happy New Year!--Marsha." Ms. Trumble had no explanation for the note and presumably forgot that she spoke with Mr. Marks. Having forgotten her conversation with Mr. Marks, she was in no position to state whether he identified the advertiser as Furniture Fair of Culpeper, Furniture Fair of Culpeper, Inc., or just Furniture Fair. Moreover, she did not have any notes of her conversation, nor was there anything submitted that was used to generate the contracts and invoices introduced by WVIR that identified the advertiser only as Furniture Fair.

Admittedly, this is a very close case. However, I find that the plaintiff has not proven that the defendant did not properly disclose the identity of the principal to WVIR at the time the contracts were made. Accordingly, I find that the defendant is not personally liable on the four contracts. Judgment is entered in favor of defendant in all four cases.