## CIRCUIT COURT OF FAIRFAX COUNTY

Myles DiGennaro

v.

Duvall, Harrigan, Hale & Downey

February 25, 1994

Case No. (Law) 127201

BY JUDGE ROSEMARIE ANNUNZIATA

The plaintiff in this case, Myles DiGennaro, D.D.S., brought suit against attorney Dana J. Carlson for fees allegedly due him for a court appearance he made on behalf of Carlson's client, Theresa Peterson. The General District Court of Fairfax County entered judgment in favor of DiGennaro, which judgment Carlson now appeals.

The facts relevant to the case are as follows. Pursuant to his representation of Theresa Peterson in her motion to increase spousal support, Carlson contacted DiGennaro, Peterson's attending dentist, to discuss the future anticipated costs of Peterson's treatment and to arrange for DiGennaro's appearance at trial to give testimony on Peterson's behalf. DiGennaro informed Carlson that the charge for his appearance as an expert witness would be $2,000 for an entire day or $1,500 for one half of a day. In response, Carlson stated something to the effect that he "had no problem" with the fee required. When informed of the expert witness fees to be incurred, Peterson told Carlson that she was unable to afford these fees and instructed him not to retain DiGennaro for trial. Notwithstanding Peterson's instruction, Carlson arranged to have DiGennaro testify.

Following his court appearance and testimony, DiGennaro requested payment of his expert witness charges from Carlson. Upon Carlson's refusal to pay the appearance fee, DiGennaro instituted this action against Carlson based on an oral contract between the parties, claiming that Carlson agreed to be personally bound.

It is clear under general principles of agency law that an agent who contracts on behalf of a disclosed principal, in the absence of an express agreement to the contrary, is not personally bound on the contract. *See* 1A Michie's Jurisprudence, *Agency*, § 71 (1993), and the cases cited therein. While some jurisdictions have found an agent liable in cases where the agent exceeds the scope of his authority in making a contract on the principal's behalf, *see, e.g., Warden v. Bank of Mingo*, 341 S.E.2d 679 (W. Va. 1985), 15 A.L.R. 3d 531 (1967), the majority view, to which Virginia adheres, does not reflect such an exception to the general rule. *See* 3 Am. Jur. 2d, *Agency*, §§ 303 and 304 (1986). Under this view, in the absence of an agreement to become personally liable on the contract, no liability attaches even when the agent exceeds his authority to act. As stated by the Virginia Supreme Court in *Lancaster v. Stokes*, 119 Va. 149 (1916):

> [I]t is now generally agreed that the agent does not become personally liable on the contract, in such cases [where agent has exceeded his authority], unless it contains apt words to charge him, as such a course would be making a new contract between the parties instead of construing the old one; but his only liability in such cases is in an action for deceit or in an action for breach of his warranty of authority.

*Id.* at 155 (1916). *See also, Lambert v. Phillip*, 109 Va. 632 (1909) (when principal disclosed, legal presumption is that credit is extended to the principal, not the agent, unless shown that credit expressly and exclusively given to agent).

In light of these principles, I find the evidence does not establish that Carlson agreed to be personally liable for the payment of Di-Gennaro's expert witness fees. Therefore, the plaintiff's claim based on breach of contract must fail, and judgment in Carlson's favor shall be entered.