## CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia et al.

v.

CCA Industries,
Riverstone Properties, L.L.C.,
and G. L. Pruett, Inc.

v.

Norton Concrete Co., Inc.

Case No. CL07000953

By Judge J. Overton Harris

December 22, 2009

Before the Court are Defendants' demurrers and pleas in bar. The Court heard argument on the demurrers and pleas in bar on December 3, 2009, and took the matters under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

### I. *Background*

This action arises out of a construction project in Hanover County, pursuant to an agreement ("Agreement") between Hanover County ("County") and Commonwealth Investment Real Estate Company ("CIREC"). More specifically, the Agreement was for the improvement of Bell Creek Road and construction of a storm water drainage system in

and around Bell Creek Road. Plaintiffs claim that CIREC and G. L. Pruett, Inc. ("Pruett"), the contractor CIREC hired to perform the work, failed to complete the work in accordance with the terms of the Agreement and the Land Use Permit issued by the Virginia Department of Transportation ("VDOT"). As a result of the allegedly faulty work of the defendants, the drainage system failed and caused significant property damage to Bell Creek Road and the surrounding area. The County and the Commonwealth repaired the damage to Bell Creek Road after the drainage system's failure. The County and Commonwealth sought indemnification for the repairs and were denied. Plaintiffs filed their Complaint on September 9, 2004.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Virginia Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997); *see Dodge v. Randolph-Macon Women's College*, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

A plea in bar "reduces the litigation to a single issue, which, if proven, creates a bar to the plaintiff's right of recovery." *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000). Unlike a motion for summary judgment or a demurrer, evidence may be taken on a defendant's plea in bar. *Id.* When no evidence is taken on a plea in bar, the facts alleged in the plaintiff's Complaint are deemed true. *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The party raising the plea in bar bears the burden of proof to establish the facts necessary to prevail on the plea. *Cooper Industries*, 260 Va. at 594.

III. *Analysis*

A. *Count I*

Count I is a claim by the Commonwealth and the County against CIREC and a claim by the Commonwealth against Pruett for breach of contract and indemnity. The contract allegedly breached by CIREC was the Agreement to improve Bell Creek Road and install the storm water drainage system. The Agreement was between the County and CIREC, and a copy of the Agreement is attached to the Complaint as Exhibit A. Plaintiffs further allege the contract expressly binds CIREC's successors and/or assigns.

As a result of the Agreement, Defendant Pruett applied to then Commissioner David Gehr for a Land Use Permit, Application No. 56426. A copy of the permit application is attached to the Complaint as Exhibit B. As a result of the application, Land Use Permit No. 428-05158 was issued under the Commissioner's name. The permit allowed Pruett to "reconstruct Bell Creek Road per approved plans and specifications," including "road work and entrances for the Project including, but not limited to, various drainage structures beneath, and adjacent to Bell Creek Road, which is on the VDOT right of way, related to the roadway." A copy of the permit is attached to the complaint as Exhibit C.

A representative of Pruett advised a representative of the Commissioner by transmittal, dated June 7, 1999, that the work to be performed under the Permit had been "done in accordance with the terms of the permit." A copy of the transmittal is attached to the Complaint as Exhibit D.

Upon receipt of the transmittal, the Commissioner's representative inspected the work that was visible. The Commissioner's representative then reported that the work had been satisfactorily completed via letter dated August 5, 1999. A copy of the letter is attached to the Complaint as Exhibit E.

The Commonwealth asserts that the contractual provisions breached by Pruett are contained in the permit application. Plaintiffs claim that the permit application contained an indemnity provision as well as an agreement to complete the work in accordance with the terms of the permit. Plaintiffs allege that the defendants failed to complete the work in accordance with the permit and failed to indemnify the Commonwealth as required by the permit application.

The County alleges in its Complaint that it suffered damage because it was forced to respond to and repair the damage to Bell Creek Road resulting from the failure of the drainage system. The County subsequently admits in its Brief in Opposition to the Demurrer and Plea in Bar that it has in fact recovered its damages by claiming funds held pursuant to the

bond requirement of the Agreement. The County states that any damages recovered from the suit would be paid to the Commonwealth.

Defendants argue in their Reply Brief in Support of Demurrer and Plea in Bar that the demurrers as to the County should be sustained because of the County's admission that it reimbursed itself for the expenses incurred from the repair of Bell Creek Road. Defendants argue that damage is an element for a breach of contract action and that, when a party admits it suffered no damage, a demurrer should be sustained. On demurrer however, the Court must accept the factual pleadings as true. *Fox*, 236 Va. at 71, 372 S.E.2d at 374. By rule, all written pleadings are motions and are to be in numbered paragraphs. Va. Sup. Ct. R. 3:18(a) (2009); Va. Sup. Ct. R. 1:4(d) (2009). Accordingly, a memorandum in opposition to a demurrer and plea in bar is not a pleading or a motion, and any factual admissions contained in the memorandum may not be considered by the court on demurrer. *See Brannon v. Brannon*, 2006 Va. Cir. LEXIS 128 (2006), *citing* Va. Sup. Ct. R. 3:18(a) (2006); Va. Sup. Ct. R. 1:4 (2006).

Defendant Pruett demurs to Count I of the Commonwealth's Complaint arguing that, in applying for the Permit, Pruett was acting solely as the agent for CIREC, a disclosed principal, and thus is not liable under any provisions of the permit application or the permit itself. As previously stated, the Permit Application and its accompanying documents are attached to the Complaint as Exhibit B and may be considered on demurrer. The Commonwealth argues the language of the permit application binds Pruett, as an agent, because Pruett expressly agreed to be liable. The Court disagrees.

> Where the agent contracts for a disclosed principal, credit is extended to the principal, and the benefits of the contract are accepted by the principal, there is no personal liability on the agent. Unless credit has been given to the agent expressly or exclusively, and it was clearly his intention to assume a personal responsibility, and this is shown by clear and explicit evidence, the agent will not be personally liable on the contract.

1 M.J., *Agency*, § 71 (*citing, e.g., Richmond Union Passenger Ry. Co. v. New York & Sea Beach Ry. Co.*, 95 Va. 386, 28 S.E. 573 (1897); *Lambert v. Phillips & Son*, 109 Va. 632, 64 S.E. 945 (1909); *Lambert v. Peters*, 109 Va. 638, 64 S.E. 1135 (1909). The signature line clearly indicates that the applicant *or* his agent may sign for the submission of the application. Pruett is listed as the agent in the application, and a representative of Pruett signed on the line bearing the title, "Applicant *or* agent." Even when taking all inferences in favor of the Commonwealth, the Court finds the factual allegations of the Complaint are contradicted by the terms of the Permit Application, which was properly a part of the pleadings. The

Permit Application clearly indicates Pruett signed as the agent for CIREC, the owner and applicant, and thus Pruett is not bound as an agent by the language of the permit application. Accordingly, Pruett's demurrer to Count I is sustained.

The Commonwealth also argues that CIREC and Commonwealth Investment Real Estate Company, L.L.C. ("CIREC, L.L.C.") are bound by the language of the Permit Application because Pruett submitted the application, as an agent, on CIREC's behalf. However, the Commonwealth concedes that CIREC merged into CIREC, L.L.C., on December 31, 2000, and that CIREC, L.L.C., filed a certificate of cancellation with the State Corporation Commission. The certificate of cancellation was effective April 30, 2003, and as of that date, CIREC, L.L.C., ceased to exist.

Pursuant to statute, CIREC's liabilities vested in CIREC, L.L.C. Virginia Code § 13.1-721(A)(4). At the time of CIREC, L.L.C.'s cancellation, there was no statute which authorized claims to proceed against a cancelled L.L.C. Thus, CIREC, L.L.C.'s "capacity to sue, or to be sued, likewise [wa]s terminated, irrespective of when the cause of action arose." *Harris v. T.I., Inc.*, 243 Va. 63, 68, 413 S.E.2d 605, 608 (1992). CIREC and CIREC, L.L.C., no longer exist, and they must be dismissed as parties to the suit.

The Commonwealth further alleges that CCA Industries, Inc. ("CCA") and Riverstone Properties, L.L.C. ("Riverstone") are liable under the provisions of the Permit Application because they are successors in interest to CIREC and CIREC, L.L.C. "In Virginia, as in most states, a company that purchases or otherwise receives the assets of another company is generally not liable for the debts and liabilities of the selling corporation." *Kaiser Found. Health Plan v. Clary & Moore, P.C.*, 123 F.3d 201, 204 (1997), *citing Blizzard v. National R.R. Passenger Corp.*, 831 F. Supp. 544, 547 (E.D. Va. 1993); *Crawford Harbor Assoc. v. Blake Constr. Co.*, 661 F. Supp. 880, 883 (E.D. Va. 1987). "There are four traditional exceptions, each recognized in Virginia, to this rule against successor liability." *Kaiser*, 123 F.3d at 204.

> In order to hold a purchasing corporation liable for the obligations of the selling corporation, it must appear that (1) the purchasing corporation expressly or impliedly agreed to assume such liabilities, (2) the circumstances surrounding the transaction warrant a finding that there was a consolidation or de facto merger of the two corporations, (3) the purchasing corporation is merely a continuation of the selling corporation, or (4) the transaction is fraudulent in fact.

*Harris v. T.I., Inc.*, 243 Va. 63, 70, 413 S.E.2d 605, 609 (1992).

As to CCA, the Commonwealth merely alleges the legal conclusion that CCA is a successor in interest. As to Riverstone, the Commonwealth

alleges that Riverstone represented to the Commonwealth that it was previously known as CIREC and/or CIREC, L.L.C. However, that fact alone is insufficient to allow the Court, in this case, to find that Riverstone was a successor in interest. *See Harris*, 243 Va. at 70, 413 S.E.2d at 609. The Commonwealth does not allege sufficient facts to support its legal conclusion that CCA and Riverstone are successors in interest to CIREC and CIREC, L.L.C. Accordingly, the demurrers of CCA and Riverstone, as to Count I of the Commonwealth, must be sustained.

The demurrers as to Hanover County in Count I must be sustained for the same reasons articulated above for the Commonwealth. CIREC and CIREC, L.L.C., should be dismissed because the entities no longer exist and there was no statute at the time of CIREC, L.L.C.'s cancellation that would permit this case to go forward against the cancelled L.L.C. The County does not allege any additional facts beyond those stated by the Commonwealth as to CCA and Riverstone, and, thus, the same analysis applies to the County. Accordingly, the demurrers of CCA and Riverstone, as to Hanover County in Count I, must be sustained.

## B. *Count II*

Count II is the Commonwealth's claim, as third-party beneficiary and subrogee of the Agreement between CIREC and Hanover County, against CIREC and its successors and/or assigns. Pursuant to the analysis in Count I above, CIREC and CIREC, L.L.C., are dismissed as parties to this suit. Additionally, as explained above, there are insufficient factual allegations to support the legal conclusion that CCA and Riverstone are liable as successors in interest of CIREC or CIREC, L.L.C. Accordingly, the defendants' demurrers to Count II are sustained.

## C. *Pruett's Third-Party Complaint*

The demurrer of Defendant Pruett having been sustained and there being no count of the Complaint remaining for which Norton Concrete could be liable to Pruett, Pruett's Third-Party Complaint is dismissed without prejudice.

## D. *Third-Party Beneficiary Status and Pleas in Bar*

In light of the Court's ruling, the arguments concerning the Commonwealth's third-party beneficiary status will not be addressed. Likewise, the Pleas in Bar need not be addressed as the demurrers of all defendants have been sustained.

## IV. *Conclusion*

For the reasons articulated in this opinion letter, the demurrers of all defendants are hereby sustained. All counts as they relate to CIREC and CIREC, L.L.C., are dismissed with prejudice. The Third-Party Complaint is dismissed without prejudice. Plaintiffs are hereby granted leave to amend their Complaint within twenty-one days from the entry of the Order.

October 13, 2010

Before the Court are Defendants' Demurrer and Pleas in Bar to Plaintiff's Second Amended Complaint. The Court heard argument on the Demurrer and Plea in Bar on September 15, 2010, and took the matters under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

## I. *Background*

This action arises out of a construction project in Hanover County. On August 6, 1998, Commonwealth Investment Real Estate Company entered into a Performance Agreement with Hanover County. Under the terms of the Agreement, CIREC agreed to complete various physical improvements on the property known as Hanover Square in conformance with all applicable laws, plans, and specifications and subject to the approval and acceptance of the Commonwealth and the County. The Agreement expressly binds CIREC's assigns and successors in interest.

CIREC hired contractor G. L. Pruett, Inc. to provide construction services. To carry out the terms of the Agreement, Pruett, acting as an agent for CIREC, applied to the Virginia Department of Transportation for a Land Use Permit. VDOT issued a Land Use Permit to Pruett on September 30, 1998. The permit allowed Pruett and CIREC, those in privity with CIREC, and CIREC's successors and/or assigns to reconstruct a portion of Bell Creek Road and to construct various drainage structures beneath, and adjacent to, Bell Creek Road pursuant to approved plans and specifications. On June 7, 1999, a representative of Pruett advised VDOT that the work to be done under the permit was complete. On August 5, 1999, VDOT responded informing Pruett that the permit had been satisfactorily completed.

On December 31, 2000, CIREC merged into CIREC, L.L.C. Effective April 30, 2003, CIREC, L.L.C., was dissolved upon filing a certificate of cancellation with the State Corporation Commission.

In July 2004, pipes and structures within the drainage system failed, allegedly due to defects in the construction work done by CIREC and Pruett pursuant to the Agreement. The system's failure resulted in significant property damage to Bell Creek Road and the surrounding area, which required extensive and costly repairs. On September 9, 2004, the County and Commonwealth (hereinafter collectively the "Plaintiffs") filed a Complaint in Hanover County Circuit Court seeking to recover on the theories of tort and breach of contract. The Plaintiffs took a nonsuit on June 7, 2007, and re-filed their claim on December 6, 2007. On September 29, 2009, Plaintiffs filed an Amended Complaint to which the Defendants demurred. The Court entered an order sustaining the Demurrer on January 11, 2010.

On January 29, 2010, Plaintiffs filed a Second Amended Complaint naming CCA Industries, Inc. ("CCA"), Riverstone Properties, L.L.C. ("Riverstone"), and Pruett as Defendants. Count I of the Second Amended Complaint is the Plaintiffs' claim for breach of contract and indemnification. Count II of the Second Amended Complaint is the Commonwealth's third-party beneficiary and subrogee claim against CCA and Riverstone. CCA and Riverstone filed a Demurrer and Plea in Bar to the Second Amended Complaint on February 18, 2010. Pruett filed a Demurrer and Plea in Bar to the Second Amended Complaint on February 22, 2010.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Virginia Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997); *see Dodge v. Randolph-Macon Women's College*, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

A plea in bar "reduces the litigation to a single issue, which, if proven, creates a bar to the plaintiff's right of recovery." *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000). Unlike a motion for summary judgment or a demurrer, evidence may be taken on

a defendant's plea in bar. *Id.* When no evidence is taken on a plea in bar, the facts alleged in the plaintiff's Complaint are deemed true. *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The party raising the plea in bar bears the burden of proof to establish the facts necessary to prevail on the plea. *Cooper Industries*, 260 Va. at 594.

## III. *Analysis*

### A. *Demurrer*

#### 1. *Count I as to CCA and Riverside*

In their Demurrer, CCA and Riverstone assert that Plaintiffs' Second Amended Complaint must be dismissed because it fails to plead that CCA or Riverstone succeeded to CIREC's liabilities under the Agreement with the County. Plaintiffs allege that CIREC signed the Agreement with the County and that the Agreement expressly binds CIREC's "personal representatives, assigns, and other successors in interest." A copy of the Agreement is attached to the Second Amended Complaint as Exhibit A. Plaintiffs do not, however, allege that CCA or Riverstone signed the Agreement with the County or any related documents. Therefore, to assert claims for breach of contract and indemnification against CCA and Riverstone, Plaintiffs must plead that CCA and Riverstone succeeded to CIREC's obligations under the Agreement.

In Virginia, "a company that purchases or otherwise receives the assets of another company is generally not liable for the debts and liabilities of the selling corporation." *Kaiser Found. Health Plan v. Clary & Moore, P.C.*, 123 F.3d 201, 204 (1997) (*citing Blizzard v. National R.R. Passenger Corp.*, 831 F. Supp. 544, 547 (E.D. Va. 1993); *Crawford Harbor Assoc. v. Blake Constr. Co.*, 661 F. Supp. 880, 883 (E.D. Va. 1987)). There are four traditional exceptions to the general rule against successor liability. *Id.* To hold a purchasing corporation liable for the obligations of the selling corporation, the Plaintiff must show that:

> (1) the purchasing corporation expressly or impliedly agreed to assume such liabilities, (2) the circumstances surrounding the transaction warrant a finding that there was a consolidation or *de facto* merger of the two corporations, (3) the purchasing corporation is merely a continuation of the selling corporation, *or* (4) the transaction is fraudulent in fact.

*Harris v. T.I., Inc.*, 243 Va. 63, 70, 413 S.E.2d 605, 609 (1992) (citing *Pepper v. Dixie Splint Coal Co.*, 165 Va. 179, 191, 181 S.E. 406, 410 (1935); *Peoples Nat. Bank v. Morris*, 152 Va. 814, 819, 148 S.E. 828, 829 (1929)).

The factors are stated in the disjunctive. Accordingly, alleging facts that establish any one of these four factors is sufficient to establish successor liability.

In the present case, the Plaintiffs allege that CCA and Riverstone expressly and impliedly agreed to assume CIREC's/CIREC, L.L.C.'s liabilities; that CCA and Riverstone are a continuation of CIREC; and that CIREC merged into CCA and Riverstone. In support of their allegations, Plaintiffs assert there is a common identity of the officers, directors, members, managers, stockholders, and owners among the entities. Paragraph 8 of Plaintiffs' Second Amended Complaint states that Beverley W. Armstrong was member and manager of CIREC, L.L.C.; William H. Goodwin, Jr., was a manager of CIREC, L.L.C.; and Riverstone was a member of CIREC, L.L.C. Paragraph 9 of Plaintiffs' Second Amended Complaint states that Beverley W. Armstrong is an officer of CCA and that five relatives of William H. Goodwin, Jr. are CCA stockholders. Paragraph 11 of Plaintiffs' Second Amended Complaint states that William H. Goodwin, Jr., and Beverley W. Armstrong are managers of Riverstone. Although commonality of officers, directors, and stockholders is a key element of showing that one entity is a mere continuation of another, it is not sufficient by itself. *See Harris v. T.I., Inc.,* 243 Va. 63, 70, 413, S.E.2d 605, 609 (1992).

In addition to Plaintiffs' allegations pertaining to the commonality of officers, directors, and stockholders, Plaintiffs have attached to the Second Amended Complaint Exhibits I to L, which must be considered on Demurrer. The Court entered an order sustaining the Demurrer to the Amended Complaint on January 11, 2010. Exhibits I to L were not attached to the Amended Complaint. Exhibit I is a letter from CCA forwarding its Request for Extension form "for our development project called Hanover Square South." Exhibit J is a letter from CCA and a Utilities Defect Bond and Agreement, which state "Riverstone Properties, L.L.C., and Beverley W. Armstrong (formerly known as [CIREC])." Exhibit K is an Application for License, Permit, Internal Revenue or Customs Bond wherein Riverstone and Beverley W. Armstrong are again described as being "formerly known as [CIREC]." Finally, Exhibit L is a Cash Bond Agreement between Riverstone and the County wherein Riverstone is expressly referred to as "a successor in interest to [CIREC]."

Accepting as true the factual allegations and reasonable inferences arising therefrom as set forth in the Second Amended Complaint, the Court finds that the substantive allegations of the Second Amended Complaint and the accompanying exhibits are sufficient to plead that CCA and Riverstone are successors in interest to the liabilities of CIREC under the Agreement. Accordingly, CCA and Riverside's Demurrers to Plaintiffs' Second Amended Complaint on this basis is overruled.

## 2. *Count I as to Pruett*

Count I of Plaintiffs' Second Amended Complaint contains a claim by the Commonwealth against Pruett for breach of contract and indemnity based upon the land use permit application and the permit. The Permit Application and the Permit are attached to the Second Amended Complaint as Exhibits B and C, respectively. The Court previously sustained Pruett's Demurrer to the Commonwealth's Amended Complaint on the basis that Pruett is not the applicant but rather an agent who applied for the permit on behalf of its disclosed principal.

In its letter opinion dated December 22, 2009, sustaining Pruett's Demurrer to the Amended Complaint, the Court stated:

> The signature line clearly indicates that the applicant *or* his agent may sign for the submission of the application. Pruett is listed as the agent in the application and a representative of Pruett signed on the line bearing the title, "Applicant *or* agent." Even when taking all inferences in favor of the Commonwealth, the Court finds the factual allegations of the Complaint are contradicted by the terms of the Permit Application, which was properly a part of the pleadings. The Permit Application clearly indicates Pruett signed as the agent for CIREC, the owner and applicant, and thus Pruett is not bound as an agent by the language of the permit application.

In its Second Amended Complaint, the Commonwealth adds two "new" allegations with regard to Pruett. First, the Commonwealth alleges that in applying for the permit, Pruett was acting in its own capacity and as an agent for CIREC; as an applicant, Pruett is bound by the terms of the application's express indemnity provision. The Court has previously ruled that Pruett was an agent who applied for the permit on behalf of its disclosed principal, CIREC. Accordingly, Pruett, as a matter of law, is not the applicant and cannot be bound by the application's express indemnity provision.

Second, the Commonwealth alleges that the permit was issued to Pruett, which is sufficient to hold Pruett responsible for indemnity requirements under various administrative regulations. Paragraph 37 of the Second Amended Complaint appears to set forth an uncited, paraphrased version of administrative regulations. A copy of the permit, which identifies Pruett as the "permitee" is attached to the Second Amended Complaint as Exhibit C. Pruett asserts, and the Court agrees, that the only arguably applicable regulation in this case is 24 VAC 30-20-60, which provides: "*Applicants to whom permits are issued* shall at all times indemnify and save harmless . . . the Commonwealth, and all Commonwealth employees,

agents, and officers, from responsibility, damage, or liability arising from the exercise of the privileges granted in such permit." (Emphasis added.) The law of agency is not displaced by this administrative regulation. The Court has already determined that Pruett was an agent who applied for the permit on behalf of its disclosed principal, CIREC. Furthermore, it is not alleged, nor does it appear from the attached exhibits, that Pruett agreed to or gave consideration to become the permitee and to accept permitee liability.

The Court finds that the Commonwealth has failed to allege facts sufficient to state a cause of action against Pruett. Accordingly, Pruett's Demurrer to Count I of Plaintiffs Second Amended Complaint is sustained. Having previously granted the Commonwealth leave to amend its Complaint to state a cause of action against Pruett, the Court dismisses the Commonwealth's claim against Pruett with prejudice.

### 3. Count II

Count II of the Second Amended Complaint is the Commonwealth's claim, as third-party beneficiary and subrogee of the Agreement between CIREC and Hanover County, against CCA and Riverstone. CCA and Riverstone demur to Count II on the grounds that the Commonwealth fails to state a claim as a third-party beneficiary and the Commonwealth fails to state a valid claim for subrogation.

### a. Third-Party Beneficiary Claim

A third-party beneficiary to a contract is entitled to enforce the terms of the contract and is subject to defenses arising out of it. *Levine v. Selective Ins. Co. of Am.*, 250 Va. 282, 285, 462 S.E.2d 81, 83 (1985). A party claiming third-party beneficiary status must demonstrate that the parties to a contract " `clearly and definitely intended' to confer a benefit upon him." *MNC Credit Corp. v. Sickels*, 255 Va. 314, 320, 497 S.E.2d 331, 334 (1998) (citing *Allen v. Lindstrom*, 237 Va. 489, 500, 379 S.E.2d 450, 457 (1989); *Professional Realty Corp. v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976)). The recipient of an incidental benefit is not a third-party beneficiary. *Id.* at 320, 497 S.E.2d at 335 (citing *Valley Landscape Co. v. Rolland*, 218 Va. 257, 260, 237 S.E.2d 120, 122 (1977)). Additionally, a party claiming to be a third-party beneficiary must plead facts demonstrating third-party beneficiary status. *See Valley Landscape*, 218 Va. at 263, 237 S.E.2d at 124.

In its Second Amended Complaint, the Commonwealth claims to be a third-party beneficiary because the roadway and storm drainage facilities were constructed on property owned by VDOT. As further support, the Commonwealth notes that the improved and reconstructed

portion of Bell Creek Road was required to meet VDOT's specification prior to VDOT's acceptance and approval of the improvements. Finally, the Commonwealth pleads the intent of the Agreement was to bestow a benefit on the Commonwealth.

The Commonwealth has alleged sufficient facts to demonstrate third-party beneficiary status. Since the Commonwealth has stated facts demonstrating its third-party beneficiary status, CCA and Riverstone's Demurrers to Count II of the Second Amended Complaint are denied on this basis.

### b. *Subrogation Claim*

"Subrogation is, in its simplest terms, the substitution of one party in the place of another with reference to a lawful claim, demand, or right so that the party that is substituted succeeds to the rights of the other." *Yellow Freight Sys., Inc. v. Courtaulds Performance Films, Inc.*, 266 Va. 57, 64, 580 S.E.2d 812, 815 (2003). There are two broad types of subrogation applied in Virginia, subrogation by contract and subrogation by operation of law. In the present case, the Commonwealth cites no provision of the Agreement or any other contract pursuant to which the Commonwealth was expressly subrogated to the rights of the County. Therefore, it must be determined whether the Commonwealth adequately pleaded that the doctrine of equitable subrogation is applicable.

"Equitable subrogation is subrogation that arises by operation of law. It is not based on contract or privity of parties, but is 'purely equitable in nature, dependent on the facts and circumstances of each particular case'." *XL Specialty Ins. Co. v. Commonwealth*, 269 Va. 362, 369, 611 S.E.2d 356, 360 (2005) (citing *Centreville Car Care, Inc.*, 263 Va. 339, 345, 559 S.E.2d 870, 872 (2002)). As such, no bright line rule can set forth which will afford a test in all cases for its application. *Id.* However, it is clear that, under Virginia law, "where a person pays another's debt out of legal duty or to protect himself against losses he might suffer if the debt were not paid, subrogation is allowed." *Atlantic Permanent Fed. Sav. & Loan Ass'n v. American Cas. Co.*, 670 F. Supp. 168, 171 (E.D. Va. 1986).

In this case, the Commonwealth alleged that it paid the debts of another to protect itself against losses it might suffer if the debt were not paid. Specifically, the Commonwealth states in its Second Amended Complaint that "VDOT paid for the emergency stabilization and repairs to Bell Creek Road, some of which were performed upon structures that were in the County easement. Therefore, VDOT . . . is subrogated to the rights of the County where repairs were performed wholly within the County easement but not within the VDOT right of way."

The Commonwealth has alleged sufficient facts to support its subrogation claim. Therefore, CCA and Riverstone's Demurrers to Count II of the Second Amended Complaint are denied on this basis.

B. *Plea in Bar*

CCA and Riverstone argue that Plaintiffs' claims must be dismissed on both the statute of limitations and the statute of repose.

Under Virginia law, actions on written contracts must be brought within five years after the cause of action has accrued. Va. Code § 8.01-246. A cause of action for breach of contract accrues "when the breach of contract occurs . . . and not when the resulting damage is discovered." Va. Code § 8.01-230. CCA and Riverside argue in their Plea in Bar that the alleged breach occurred when the construction was complete. CCA and Riverside argue that construction was complete on June 7, 1999, the date on which Pruett submitted a notice of completion to VDOT stating that "the work to be performed . . . had been done." In response, Plaintiffs argue that accrual of the cause of action was triggered by completion of the *entire* project and not just the work done under the permit. Plaintiffs assert that the entire project was completed in June or July 2003. The issue before the Court, then, is when the cause of action accrued.

In this case, the Second Amended Complaint alleges that the specific breach of contract is the failure of CIREC, its successors, and Pruett to build "in accordance with the Agreement." The Agreement between the County and CIREC provides:

> That no required construction or public improvement shall be considered complete until it is accepted by the governmental unit which is to have ultimate responsibility for its maintenance, if applicable, and it is approved by the County as being in compliance with the Requirements and as-built plans certified by a professional engineer are provided to the Director.

Based on the Agreement, it is clear that, for the work to be deemed complete, it had to be approved by the County in addition to being approved by VDOT. There is no dispute that VDOT approved the work done to reconstruct Bell Creek Road. Attached to the Second Amended Complaint as Exhibit D is a letter dated June 7, 1999, from Pruett's agent advising VDOT that the permit "has satisfactorily been completed and is ready for final inspection" and that "the reconstruction of Bell Creek Road was done in accordance with the terms of the permit." Also attached to the Second Amended Complaint as Exhibit E is a letter dated August 5, 1999, from VDOT to Pruett stating that the permit "has been satisfactorily completed."

With regard to County approval, the Hanover County Director of Public Works, Mr. Flagg, testified that the County did not approve the work until June 2003. Plaintiffs presented as evidence a letter dated June 2, 2003, from Mr. Flagg to Mr. Thompson, the Principal Planner at the Hanover County Department of Public Works stating "[the Department of Public Works] considers the wall/work required by the subdivision agreement complete and recommends release of the remaining surety held in that regard." The letter is Exhibit N from the December 3, 2009, hearing and the September 15, 2010, hearing. Mr. Flagg's testimony was unrebutted.

The terms of the Agreement indicate that, in order for the work under the Agreement to be deemed complete, at which time the statute of limitations would begin to run, the work had to be completed, approved by VDOT, and approved by the County. In this case, the evidence presented indicates that those three requirements were not met on June 7, 1999, or August 5, 1999, as argued by the CCA and Riverside. In contrast, the evidence demonstrates that the County did not approve the work until June 2, 2003, as indicated by Mr. Flagg's unrebutted testimony and the letter from Mr. Flagg to Mr. Thompson. Therefore, the Court finds that the cause of action did not accrue until June 2, 2003. Plaintiffs filed their Complaint on September 9, 2004, which was well within the five-year statute of limitations. Accordingly, the Court finds that the Plaintiffs claim is not barred by the statute of limitations. Having found that the statute of limitations has been complied with and does not bar the Plaintiffs' claims, it is not necessary for the Court to determine whether the statute of limitations runs against the Commonwealth or whether the statute of repose is applicable.

## IV. *Conclusion*

For the reasons articulated in this opinion letter, the Demurrer to Count I of the Second Amended Complaint as to Pruett is sustained with prejudice. The Demurrers as to Counts I and II of the Second Amended Complaint as to CCA and Riverstone are overruled. CCA and Riverstone's Plea in Bar is denied.